| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

CONSTANCE ALEXANDER, DINORAH
WILLIAMS, and PETULA ALEXANDER

        Plaintiffs,

   v.

STEADFAST INSURANCE CO.,
CLARENDON AMERICAN INSURANCE
CO., DEEP SOUTH SURPLUS OF TEXAS
and CRC SCU

        Defendants.

_____

1:20-cv-00038-AET-GWC

TO:   Lee J. Rohn, Esq.
        Mark Wilczynski, Esq.
        Andrew C. Simpson, Esq.
        Robert J. Kuczynski, Esq.
        Veronica Andrea Meza, Esq.

**ORDER GRANTING MOTION TO SERVE DEFENDANT CLARENDON OUT OF TIME**

THIS MATTER is before the Court upon Plaintiffs' unopposed Motion to Serve Defendant Clarendon Out of Time (ECF No. 27).[1]

Plaintiffs seek leave to serve Defendant Clarendon out of time because they were unable to serve said defendant in August 2020 at the address associated with it in New York as "defendant moved five years ago." ECF No. 27-3. No additional attempt was made. Mot. at 2. The fact that defendant Clarendon had not been served was not "discovered" by Plaintiffs until it was pointed out to them by Defendant Clarendon on September 28, 2021. ECF No. 27-4.

---

[1] The instant motion to unopposed by defendants Steadfast and CRC.

*Alexander et al. v. Steadfast et al.*
1:20-cv-00038-AET-GWC
Order Granting Plaintiff's Motion to Serve Defendant Out of Time
Page 2

Pursuant to Federal Rule of Civil Procedure 6(b)(2), the Court may, for good cause, extend the time on a motion made after the time has expired if the party failed to act because of excusable neglect.[2] Federal Rule of Civil Procedure Rule 4(m) directs the court to extend the time for service for an appropriate period if the plaintiff shows good cause for the failure to serve defendant within 90 days after the complaint was filed. *Id*. Burden of proving good cause for failing to effect timely service is on the party responsible for effecting service; good cause focuses on plaintiff's diligence in attempting service on defendant, and in determining whether there was good cause for delay, the court is required to consider plaintiff's reasonable efforts to effect service. *Bascombe v. Owners' Ass'n of Estate of Questa Verde Townhouses*, 149 F.R.D. 517, 518 (D.V.I. 1992).

If good cause for failure to timely effect service does not exist, the district court retains discretion to either dismiss the case or extend time for service. *Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 512 (D.V.I. 2001).

Plaintiff asserts that good cause for extending the period to serve exists because 1) disruption caused by the COVID-19 pandemic; 2) "[w]hile Defendant Clarendon did not blatantly 'conceal a defect' in service, they are and have been aware of this litigation"; 3) where service of process was incomplete or defective, Plaintiff can re-serve after the defendants remove to federal court; and 4) Plaintiff would be prejudiced by a denial as the statue of limitations continues to run. *See* Mot.

---

[2] Plaintiffs do not cite Rule 6 or address excusable neglect in the instant motion.

*Alexander et al. v. Steadfast et al.*
1:20-cv-00038-AET-GWC
Order Granting Plaintiff's Motion to Serve Defendant Out of Time
Page 3

Having reviewed the motion and supporting affidavit, the Court finds that Plaintiffs have not established good cause. The Court finds that Plaintiffs made one good faith effort to effect service upon said Defendant but has shown no diligence nor reasonable efforts to further attempt service.[3] Plaintiffs' case law comparing Defendant to defendants that "lulled Plaintiff into believing service had been accomplished" is inapt as Defendant appears to be the sole reason that Plaintiffs are even aware of their failure to properly serve. Plaintiffs' argument that they could re-serve after removal of the case to the federal courts is out of place as removal was completed on August 12, 2020. Thus, Plaintiff is well out of time to serve even considering removal.

The Court notes that the motion is unopposed by served defendants; Defendant Clarendon's awareness of the litigation (ECF No. 27-4); and acknowledges the unprecedented disruption of the COVID-19 pandemic. Thus, the Court will exercise its discretion to extend the time for service.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiffs' unopposed Motion to Serve Defendant Clarendon Out of Time (ECF No. 27) is **GRANTED**.

2. The time for effectuating service of process upon said Defendant is extended to **November 4, 2021**.

---

[3] It is arguable that Plaintiffs' one effort to serve Defendant was not in good faith as service was attempted on an address seemingly five years out of date.

*Alexander et al. v. Steadfast et al.*
1:20-cv-00038-AET-GWC
Order Granting Plaintiff's Motion to Serve Defendant Out of Time
Page 4

ENTER:

Dated: October 5, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE