| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

| | |
| :--- | :--- |
| CONSTANCE ALEXANDER, DINORAH WILLIAMS, and PETULA ALEXANDER, | |
| **Plaintiffs,** | **1:20-cv-00038-MEM-EAH** |
| **v.** | |
| STEADFAST INSURANCE CO., DEEP SOUTH SURPLUS OF TEXAS, and CRC SCU f/k/a CRUMP INS. SERVICES, | |
| **Defendants.** | |

TO:    Lee J. Rohn, Esq.
       Jennifer Sue Koockogey, Esq.
              *For Plaintiffs*
       Mark Wilczynski, Esq.
              *For Steadfast Ins. Co.*
       Robert J. Kuczynski, Esq.
       David S. Hendrix, Esq.
       Veronica Andrea Meza, Esq.
              *For CRC SCU*

## ORDER GRANTING MOTION TO STAY

**THIS MATTER** comes before the Court on the Motion to Stay Discovery Pending Final Adjudication of Defendant's Renewed Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue to Texas, filed by Defendant CRC SCU f/k/a Crump Ins. Services ("CRC").[1] Dkt. No. 87, 88. Plaintiffs Constance Alexander, Petula Alexander, and Dinorah Williams opposed the motion, Dkt. No. 89, and CRC filed a reply, Dkt. No. 92. In addition, Defendant Steadfast Insurance Company ("Steadfast") filed a

---

[1] CRC states that it has been incorrectly named in this action as "CRC SCU f/k/a Crump Ins. Services." Its proper name is CRC Insurance Services. Dkt. No. 88 at 1.

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
Order Staying Discovery
Page 2

motion to join CRC's Motion to Stay Discovery, Dkt. No. 93, which Plaintiffs opposed, Dkt.

No. 94. On February 28, 2022, the Court issued a Report & Recommendation in which it

recommended granting CRC's Renewed Motion to Dismiss. Dkt. No. 96. For the reasons that

follow, the Court will grant CRC's Motion to Stay Discovery and will deny Steadfast's joinder

in that motion. However, the Court will sua sponte stay discovery for all parties until the

District Court rules on the pending R&R.

## BACKGROUND

In July 2020, Constance Alexander, Petula Alexander, and Dinorah Williams

("Plaintiffs"), filed a complaint in Virgin Islands Superior Court against Steadfast Insurance

Company ("Steadfast"), Clarendon American Insurance Company ("Clarendon"),[2] Deep

South Surplus of Texas, L.P. ("Deep South"),[3] and CRC SCU f/k/a Crump Ins. Services,

entitled *Constance Alexander v. Steadfast Ins. Co*., SX-20-CV-0609. Dkt. No. 1-2. That

complaint was removed to federal court in August 2020 by Steadfast and is the operative

complaint herein.

As alleged in the complaint, Plaintiffs brought the instant action as assignees of the

rights of Crosstech VI, Inc., a resident corporation of the U.S. Virgin Islands; Tom Crossland,

a Texas resident and former president of Crosstech Boiler Services, LP, the parent

organization of Crosstech VI; and Pedro Vega. Dkt. No. 1-2 (Compl.) ¶ 2. Crosstech VI was

---

[2] The parties stipulated to dismiss Clarendon in May 2022. Dkt. No. 63.
[3] The Texas Secretary of State filed a Certificate of Termination concerning Deep South, formerly a Texas Limited Partnership, in December 2014. Dkt. No. 1-4.

formed in 2005 as a wholly owned subsidiary of Crosstech Boiler Services, the "front company" for work to be done by Crosstech Boiler Services at the Hovensa oil refinery on St. Croix, Virgin Islands. *Id.* ¶ 10. Crosstech VI's employees were loaned to Crosstech Boiler Services and were controlled by that company. *Id.* ¶ 11. The vehicles used in Crosstech VI's work were hired from Crosstech Boiler Services, and the insurance on those vehicles was provided by Crosstech Boiler Services' insurance policy from Clarendon. *Id.* ¶¶ 12, 14, 15. Vega was a Crosstech VI employee—a loaned employee of Crosstech Boiler Services—and was provided with a Crosstech VI vehicle. *Id.* ¶ 19.

Plaintiffs' rights as assignees arose from a Superior Court lawsuit filed in 2007, *Constance & Petula Alexander v. Pedro Vega and Crosstech VI, Inc.,* SX-07-CV-322, in which they asserted entitlement to damages for negligence against Crosstech VI, Crossland, and Vega. *Id.* ¶ 8.[4] Crosstech VI, Crossland, and Vega tendered defense and indemnification of the claims to Steadfast and Clarendon, which denied the claims. *Id.* ¶¶ 9, 20, 32. As a result of the denial, Crosstech VI, Crossland, and Vega could not afford counsel to defend the declaratory judgment action filed against them by the insurance companies and believed they would lose at trial and not be able to pay the verdict. *Id.* ¶ 31. They entered into a

---

[4] The complaint does not explain what occurred, and when, that caused Crossland, Crosstech VI, and Vega to seek indemnification. During jurisdictional discovery, CRC provided an affidavit sworn to by Vega in July 2007 in which he averred that he was a supervisor employed by Crosstech, VI; he could use a company vehicle for personal use; and on Sunday, April 1, 2007, he was involved in an accident on St. Croix in that vehicle. Dkt. No. 56-10 at 1. The May 2019 assignment of rights explained that Constance Alexander, Petula Alexander, and Dinorah Williams were in the other car involved in that accident. *Id.* at 3-4.

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
Order Staying Discovery
Page 4

$1,000,000 consent judgment in favor of the Plaintiffs and assigned all claims they had against the insurance companies to them. The Superior Court entered the consent judgment in a May 2019 Order. *Id.* ¶ 21. The instant complaint sought, inter alia, a declaration that the assignment to Plaintiffs was valid and enforceable and that Defendants Steadfast, Clarendon, Deep South, and CRC were liable for the consent judgment. *Id.* at 8-16.

Following removal of the complaint to federal court, CRC filed a motion to dismiss or to transfer venue, Dkt. Nos. 3, 4, and Steadfast filed an answer. Dkt. No. 5. Plaintiffs opposed the motion to dismiss, Dkt. No. 17, asserting personal jurisdiction over CRC and that venue was proper, but requested permission to conduct jurisdictional discovery. Dkt. No. 17. The district judge denied CRC's motion to dismiss without prejudice and granted limited jurisdictional discovery. Dkt. No. 23.

In October 2021, the parties filed a report of their Rule 26(f) planning meeting and the Court accepted their schedule for limited jurisdictional discovery. Dkt. No. 30. The documentary and testimonial evidence adduced during discovery showed, inter alia, that CRC was organized under the laws of Alabama, where its principal place of business was located; CRC acquired Crump in 2012, and it was merged into CRC in 2013; and Crump had been organized under the laws of Texas with its principal place of business located there. Dkt. No. 56-1. In addition, at no time material to the allegations in the complaint was CRC or Crump registered to conduct business in the Virgin Islands, nor did they own real or personal property, maintain a bank account, appoint an agent for service of process,

advertise their services, enter into a contract, have an office, agents, sales representatives or employees, or solicit or conduct business in the Virgin Islands. *Id.* CRC and Crump, as wholesale insurance brokers, distributed insurance products to retail insurance agents, and did not deal directly with insureds. *Id.*[5]

In January 2022, the parties filed a joint memorandum stating that jurisdictional discovery had been completed and that further discovery was not needed until the Court resolved the outstanding dispositive jurisdictional issue. Dkt. No. 49. The Court set an Initial Conference for January 31, 2022, Dkt. No. 50, after which it issued a Scheduling Order that, inter alia, provided a fact discovery deadline of July 1, 2022, Dkt. No. 52.

In April 2022, CRC renewed its motion to dismiss for lack of personal jurisdiction or to transfer venue to Texas. Dkt. Nos. 55, 56. It argued that CRC did not provide a service in the U.S. Virgin Islands or purposefully avail itself there, as Crump was a Texas corporation and, as a broker, did not deal directly with insureds or enter into contracts of insurance with anyone, anywhere; and there was no evidence that Crump was informed that Crosstech Boiler Services had business operations in the Virgin Islands. Dkt. No. 55. As a result, none of the provisions in the Virgin Islands Long-Arm Statute, 5 V.I.C. § 4903, applied, nor did Plaintiffs establish the requisite minimum contacts to support the due process prong of personal jurisdiction either. *Id.* at 6-11. CRC also argued that the Court

---

[5] For a more detailed description of the evidence produced during jurisdictional discovery, see the Court's Report & Recommendation in which it recommended granting CRC's motion to dismiss. Dkt. No. 96 at 5-9.

should dismiss the case for improper venue or, alternatively, transfer the case to Texas. *Id.* at 12-18.

Plaintiffs opposed the motion, arguing that they sufficiently pleaded personal jurisdiction showing that CRC transacted business in the Virgin Islands through its underwriting of insurance policies, and contracted to supply services and insure persons, property or risks there. Dkt. No. 60 at 10. Exercising personal jurisdiction did not violate due process because the complaint pleaded specific jurisdiction, and CRC directed its activities at the Virgin Islands by choosing to do business there. *Id*. at 12-14. Plaintiffs also contended that venue was proper in the Virgin Islands and CRC failed to meet its burden to transfer the case because many of the factors weighed in favor of venue in the Virgin Islands. *Id*. at 15-21.

In June 2022, the Court issued an order granting the parties' Stipulated Motion to Amend the Scheduling Order and issued a First Amended Scheduling Order. Dkt. No. 67. The Order indicated that the January 2022 Scheduling Order had been entered with sufficient time to complete factual discovery if the district court would have denied the motion to dismiss, but the discovery deadline was about to expire, the motion had not been ruled on, and the district judge retired had with the case not having been reassigned. *Id.* The Court provided a new schedule, including a September 30, 2022 fact discovery deadline. *Id.* Steadfast subsequently served discovery requests. Dkt. No. 68.

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
Order Staying Discovery
Page 7

In July 2022, the parties filed a Joint Motion for a Rule 16 Scheduling Conference, explaining that: (1) CRC was concerned that, by participating in discovery it would waive its personal jurisdiction argument, and if the Court granted CRC's motion to dismiss, it would place an undue burden on it if it were to participate in discovery; and (2) the different procedural posture of the *Alexander* and *Codrington*[6] cases, which were similar but *Codrington* had no Scheduling Order, would engender duplicative discovery efforts. Dkt. No. 69. The Court granted the motion and set a Rule 16 hearing for July, which was continued until August 2022. Dkt. Nos. 70, 73. At that conference, the Court expressed its hope that the district court judge would address the motions to dismiss in both cases quickly. The parties agreed that the cases would be trial ready a year after the district court ruled on the motion to dismiss and agreed to consolidate *Alexander* and *Codrington* for purposes of discovery to preserve resources and avoid duplicating discovery.

In September 2022, District Judge Malachy E. Mannion was assigned to this case. Dkt. No. 79.

On November, 2, in *Codrington*, the Court issued an Order referring to the discussions at the August 2022 status conference and determining that it would not hold the parties to the deadlines in the *Alexander* scheduling order. *Codrington*, 19-cv-00026, Dkt. No. 179.

---

[6] *Codrington v. Steadfast Insurance Company*, 1:19-cv-00026 (D.V.I.) is a related district court case which presents facts and legal issues similar to *Alexander*, where Defendant CRC filed a nearly identical motion to dismiss on personal jurisdiction grounds as it filed in *Alexander*.

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
Order Staying Discovery
Page 8

Plaintiffs served discovery in *Alexander* on November 3 and 4, 2022. Dkt. Nos. 80-85.

Later that month, CRC filed the instant motion to stay discovery (in both *Alexander* and *Codrington*), arguing that each of the stay factors was met. Dkt. Nos. 87, 88. First, a stay would not unduly prejudice Plaintiffs because they have continually agreed to extend discovery deadlines pending the Court's ruling on the motion to dismiss, and have represented to the Court that merits discovery should not proceed pending such adjudication. Dkt. No. 88 at 6-7. Second, denial of a stay would create a clear case of hardship and inequity for CRC because a party may waive its challenge to personal jurisdiction—an independent threshold consideration in a case—if it engages in discovery, and it would also be burdened with needless fees and costs incurred in the discovery process if the Court were to grant its motion to dismiss. *Id.* at 7-8. Third, a stay would simplify the issues and trial because, if the Court grants CRC's motion to dismiss, it would be dismissed from the lawsuit. *Id.* at 8. Finally, Plaintiffs and CRC have not engaged in discovery on the merits. *Id.* While the Court set a trial date one year from the date that the district court ruled on the motion to dismiss, staying discovery would not interfere with any trial date. *Id.* at 9.

Plaintiffs opposed the motion to stay. Dkt. No. 89. They argued that they would be prejudiced if discovery were stayed waiting for the motion to dismiss to be decided because, as in *Udeen v. Subaru of America Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019), the longer a case languishes, the great the chance that relevant evidence may be lost or

destroyed, particularly since the issues requiring discovery involve events that took place in 2007. *Id.* at 5, 7. In addition, in the January 2022 Joint Discovery Memorandum, while Plaintiffs agreed that further discovery would not be prudent until the motion to dismiss was adjudicated, that position was taken with the understanding that the district judge at the time would rule on the motion expeditiously. *Id.* at 6. That judge retired, the case was transferred to two other judges, and ten months had passed since the January discovery memorandum without a decision being issued. *Id.* at 6-7.

Further, Plaintiffs argued that a stay would not simplify the issues for trial because discovery would be produced whether or not CRC was dismissed, and CRC would be subject to discovery even if the case was brought in a different jurisdiction. *Id.* at 8. CRC did not demonstrate any prejudice or harm it would suffer if discovery was not stayed, as broad allegations of harm unsubstantiated by specific examples do not suffice. *Id.* at 6. Moreover, Plaintiffs would stipulate that CRC's participation in discovery in this matter would not waive CRC's personal jurisdiction argument, so discovery would not impose a hardship on CRC. *Id.* at 7. Because CRC's motion to dismiss would be denied, staying discovery would not simplify the issues and the trial. *Id.* at 8. Staying discovery against CRC would not stay discovery against Steadfast and bifurcating discovery would result in further expense and hardship for Plaintiffs. *Id.* Finally, some discovery has already been obtained on the issue of personal jurisdiction. No trial date has been set or a scheduling

order issued although at the November 2022 status conference, Plaintiffs asked for discovery to commence and a scheduling order be issued. *Id.*

CRC filed a reply, contending that Plaintiffs' offer to stipulate that personal jurisdiction would not be waived by CRC engaging in discovery would not resolve the issue of harm to CRC if the case was not stayed because parties cannot stipulate to legal conclusions. Dkt. No. 92 at 2. It also argued that Plaintiffs' claimed prejudice did not outweigh the hardship and inequity CRC would suffer if a stay was not granted, since witness memories degrading by the day was the case in January 2022 when they agreed to wait until the motion to dismiss was resolved before engaging in discovery, and they have not propounded any discovery on the merits. *Id.* at 4-5.

Steadfast filed a motion in which it notified the Court that it joined in the arguments propounded by CRC in its motion to stay. Dkt. No. 93. Plaintiffs opposed Steadfast's joinder, asserting that Steadfast—by simply joining in the arguments proffered by CRC—did not list a single reason why the motion to stay should be granted. Dkt. No. 94.

## DISCUSSION

### I.   Applicable Legal Principles

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). It is well settled, though, that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Matters of docket control and the conduct of discovery have long been "committed to the sound discretion of the district court," *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), including whether to stay discovery, *Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 409 (M.D. Pa. 2019) (citing, inter alia, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)).  That discretion extends to decisions by U.S. Magistrate Judges. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (finding that magistrate judge did not abuse his discretion in staying discovery pending review of motions to dismiss the complaint).

Still, motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.,* 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) (internal quotation marks omitted). In addition, a stay of discovery "is not appropriate solely because a motion to dismiss is pending." *Pennsylvania v. Navient Corp.*,

348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) (internal quotation marks omitted); *see also* LRCi

26.6 (discovery not automatically stayed upon filing of a Rule 12 motion to dismiss).

In this Circuit, when deciding whether to exercise discretion to grant a stay of

discovery after a dispositive motion has been filed, courts weigh four considerations:

> (1) whether a stay would unduly prejudice or present a clear tactical
> disadvantage to the non-moving party; (2) whether denial of the stay would
> create a clear case of hardship or inequity for the moving party; (3) whether a
> stay would simplify the issues and the trial of the case; and (4) whether
> discovery is complete and/or a trial date has been set.

*Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019) (internal

quotation marks omitted); *see also Vitalis v. Crowley Caribbean Servs., LLC*, No. 20-cv-00020,

2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021).

In *Ainger v. Great American Assurance Company*, No. 1:20-cv-00005, 2022 WL

3139079, at *7 (D.V.I. Aug. 4, 2022), this Court adopted a "preliminary peek" approach in

deciding whether to stay a case pending resolution of a dispositive motion. This involves a

preliminary consideration of the potential merits of the dispositive motion and an

assessment of whether the motion to dismiss is likely to be granted. Therefore, in assessing

the third prong of the stay test, this Court will follow the preliminary peek cases that

conclude a stay is warranted only when the defendant makes a "clear and convincing"

showing that the motion to dismiss will likely be granted. In the Court's view, this concise

articulation emphasizes the high bar a movant needs to overcome in order for its stay

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
Order Staying Discovery
Page 13

motion to be successful. *See Warden v. Tschetter Sultzer, P.C.*, 2022 WL 1487576, at *4-5 (D.

Colo. May 11, 2022). The Court will now assess the four factors.

II.     **Analysis**

    A. **Whether a Stay Would Unduly Prejudice or Present a Clear Tactical
       Disadvantage to the Non-Moving Party**

CRC argues that the first factor weighs in its favor because Plaintiffs have

continually agreed to extend discovery deadlines pending the Court's ruling on the motion

to dismiss and represented to the Court that merits discovery should not proceed pending

such adjudication. Plaintiffs respond that staying discovery will prejudice them because the

longer the case languishes, the greater the chance that relevant evidence may be lost or

destroyed.

This factor weighs in CRC's favor. The accident underlying the insurance claim, upon

which Plaintiffs' assignment of rights is based, occurred in April 2007 and was litigated for

over a decade in Superior Court. It is unknown what discovery had been produced in that

litigation. While Plaintiff cites *Udeen*, 378 F. Supp. 3d at 333, as generally standing for the

proposition that a delay in discovery can be prejudicial to plaintiffs because memories fade

and evidence can be lost, she does not explain how that proposition might impact the

evidence here, which is partially based on events that occurred more than a decade and a

half ago. If memories have faded, it is likely they have faded well before now.

In addition, Plaintiffs' assignment of rights action was removed to this Court in

August 2020. Since that time, only jurisdictional discovery has taken place. While an initial

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
Order Staying Discovery
Page 14

and an amended Scheduling Order have been issued in this case (but not in *Codrington*, which has been consolidated with *Alexander* for discovery purposes), the parties agreed to wait for the district court to adjudicate the motion to dismiss in order to avoid piecemeal discovery in both cases. While that did not occur in part due to the retirement of the district court judge to whom the case had been assigned, followed by the subsequent assignment to two other district court judges, an R&R on that dispositive motion has now been submitted. Furthermore, discovery in this case is in its infancy, and Plaintiffs will not be unduly prejudiced if the case is stayed until the district court rules on the motion to dismiss.

### B.   Whether denial of a stay would create a clear case of hardship or inequity for the moving party

CRC contends that permitting discovery to go forward would cause it hardship because courts have found that a party may waive its challenge to personal jurisdiction by engaging in discovery and because of the cost and time involved in discovery. Plaintiffs respond that they would "stipulate" that CRC's participation in discovery in this matter would not serve to waive its personal jurisdiction argument, and therefore denial of a stay would not impose a hardship on CRC. Plaintiffs also assert that broadly-alleged harm and general argument about the impositions of discovery is insufficient to establish harm, citing *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). CRC counters that Plaintiffs' proposal to stipulate that its challenge to personal jurisdiction would not constitute a waiver did not resolve the issue because it is a legal conclusion and parties cannot so stipulate.

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
Order Staying Discovery
Page 15

This factor also favors CRC. Defendants "are always burdened when they are sued, and the ordinary burdens associated with litigating a case do not constitute undue burdens." *Warden*, 2022 WL 1487576, at *5 (internal quotation marks, alterations, and citations omitted). But balanced against that burden is the fact that, if the Court concludes that CRC has made a "clear and convincing showing" that the motion to dismiss would be granted—which it has, given that it has forwarded an R&R to the district court recommending granting the motion to dismiss against CRC—it would be unfair to subject CRC to discovery. *See Mosler v. Cairns*, 2022 WL 3370731, at * 7 (D.V.I. Aug. 16, 2022) (observing that, if the district court concludes that defendant made a clear and convincing showing that the motion to dismiss would be granted based on lack of personal jurisdiction, it would be unfair to subject the defendant to merits discovery). That procedural distinction in this case separates it from other cases where defendants generally complain about having to undergo discovery.

Case law provides that a party may waive its challenge to personal jurisdiction by either litigating the underlying merits or demonstrating a willingness to engage in extensive litigation in the forum. *See Fid. & Cas. Co. v. Tex E. Transmission Corp. (In re Tex. E. Transmission Corp.)*, 15 F.3d 1230, 1236 (3d Cir. 1994). In spite of Plaintiffs' offer to stipulate that they would not argue waiver if CRC engaged in discovery, in the Court's view that is an empty offer. From the beginning of this case, CRC has not demonstrated a willingness to litigate in this forum, a position which would also run counter to its motion

to stay discovery, and is unlikely that it would agree to Plaintiffs' offer. It adds it could not stipulate to a legal issue in any event. Dkt. No. 90 at 2 (citing, inter alia, *Evans-Freke v. Evans-Freke*, 2021 WL 6210673, at *19 (V.I. Dec. 30, 2021); *MRL Dev. I LLC v. Whitecap Inv. Corp.*, 2014 WL 6461583, at *17 (D.V.I. Nov. 18, 2014)). The Court does not need to resolve the stipulation issue in order to address this stay factor, and concludes that CRC would be harmed if ordered to engage in discovery that may very well be futile, given the analysis in the R&R.  Accordingly, this factor favors a stay.

### C.   Whether a Stay Would Simplify the Issues and the Trial of the Case

CRC argues that a stay would simplify the issues and the trial of the case because if the Court grants its motion to dismiss, no claims will remain against it. Plaintiffs respond that a stay would not simplify the issues for trial because CRC will not be successful in its motion to dismiss, and a stay against CRC will not stay discovery against Steadfast. This prong weighs in favor of CRC, given that the Court recently issued an R&R on the motion to dismiss, analyzing the issue and recommending that the motion be granted. In that regard, the Court not only engaged in a preliminary peek but a thorough merits analysis of the issues. Therefore, granting the stay motion would simplify the issues and trial as CRC would be dismissed from the case if the district court agrees with the R&R's analysis.

### D.   Whether Discovery is Complete and/or a Trial Date Has Been Set

This case was removed to federal court in August 2020. Jurisdictional discovery has taken place, but no merits discovery, despite this case being over two years old. In the

parties' January 2022 Joint Discovery Memorandum, they noted that "[b]ecause there are critical, dispositive issues before the Court, the Parties do not believe any further discovery is needed until after the Court rules on the motion." Dkt. No. 49 at 2. While Scheduling Orders have been issued in this case (but not in *Codrington*), they have been amended and, in November 2022, this Court determined that it would not hold the parties to the deadlines in the *Alexander* scheduling order. *Codrington*, 19-cv-00026, Dkt. No. 179.  And while Plaintiffs served some discovery in November 2022, CRC filed its stay motion shortly thereafter, and discovery has not proceeded. No trial date has been set. This factor weighs in favor of a stay.

### E.  Steadfast's Motion for Joinder

Based on the arguments, authorities, and request for relief set forth in CRC's motion to stay, Defendant Steadfast joined in that motion. Dkt. No. 93. Plaintiffs opposed, asserting that Steadfast did not list a single reason why the motion to stay discovery should be granted as to Steadfast, which ignored the four stay factors. Dkt. No. 94.

The Court is not clear as to the purpose of Steadfast's joinder motion. The analysis in the R&R on the motion to dismiss affects only CRC—particularly since Steadfast never alleged that the Court did not have personal jurisdiction over it and filed an answer. In addition, the arguments in CRC's stay motion apply only to CRC and Steadfast does not explain how any of the stay factors would apply to it. Based on the confusing nature of the motion, including the relief sought, the Court will deny it.

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
Order Staying Discovery
Page 18

Nevertheless, the Court will exercise its discretion and will sua sponte stay discovery against Steadfast, not as a result of it having joined CRC's motion to stay, but because the Court concludes that this approach would be prudent from a case management perspective. If discovery were to proceed solely against Steadfast while the district court considers the R&R on the motion to dismiss, and if the district court declines to follow the recommendation and CRC remains in the case, the fact that discovery had already begun with Steadfast could very well involve duplication of effort in later discovery with CRC. Further, because the parties have agreed that discovery should be consolidated in both *Alexander* and *Codrington*, starting discovery afresh from the point the district court rules on the R&R is the best course to follow to insure that discovery will not proceed in a piecemeal fashion, either within a case or between cases.

## CONCLUSION

In sum, all four factors weigh in favor of granting a stay of discovery. The Court therefore concludes that a stay of discovery in this case is warranted pending the district court's resolution of CRC's motion to dismiss. Accordingly, it is hereby **ORDERED**:

1. Defendant CRC's Motion to Stay Discovery Pending Final Adjudication of Defendant's Renewed Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue to Texas, Dkt. No. 87, is **GRANTED**.

2. Defendant Steadfast Insurance Company's motion joining CRC's Motion to Stay Discovery, Dkt. No. 93, is **DENIED**.

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
Order Staying Discovery
Page 19

3. Discovery in this case is **STAYED** pending the district court's resolution of the R&R submitted in response to CRC's Renewed Motion to Stay Discovery Pending Final Adjudication of Defendant's Renewed Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue to Texas.

ENTER:

Dated: March 2, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE