IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CONSTANCE ALEXANDER and PETULA ALEXANDER and DINORAH WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>STEADFAST INSURANCE COMPANY (STEADFAST), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES,<br><br>Defendants. | CASE NO. 1:20-CV-38<br><br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION AND REPORT PURSUANT TO LRCI 72.3**

**COME NOW** Plaintiffs, by and through undersigned counsel, and timely objects and appeals the Magistrate Judge's February 28, 2023, Recommendation and Report [ECF Doc. 96] recommending that the District Court Judge grant Defendant CRC SCU's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to Texas [ECF Doc. 55, 56]. Under the rationale of the Magistrate Judge, the ***United States*** Virgin Islands is not a part of the ***United States***, and a company such as CRC that advertises that it does business in the ***United States*** and Canada cannot be hauled into Court in the United States Virgin Islands.

**LEGAL STANDARD**

Under the Federal Magistrate Act 28 U.S.C. §636(b)(1)(B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary

LEE J. ROHN AND
ASSOCIATES, LLC
1108 King St, Ste 3
Christiansted, VI
00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 2

hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. §636(b)(1)(B). The District Court did so on February 7, 2023. [Order, ECF 95.] However, if a party timely objects to the report and recommendation, the District Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Equal Opportunity Commission v. City of Long Branch*, 866 F.3d.93, 99-100, *citing* 28 U.S.C. §636(b)(1)(B), see also Fed. R. Civ. P. 72(b)(3)

### I.   The Magistrate erred when he failed to hold an evidentiary hearing before issuing his Report and Recoomendation.

The Magistrate's Report and Recommendation was not based on an evidentiary hearing as was requested. [*See*, Docket No. 64] As such, where an evidentiary hearing is not held to determine if the Court can exercise personal jurisdiction, Plaintiff need only establish a prima facie case of personal jurisdiction and are entitled to have their allegations taken as true and all factual disputes drawn in their favor. As the Third Circuit Court of Appeals held in *Est. of Thompson through Thompson v. Phillips*, 741 F. App'x 94, 95 (3d Cir. 2018), "Although the [plaintiffs] bear the burden of establishing the jurisdictional facts, *see Mellon Bank (East) PSFS Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992), our review of their Rule 12(b)(2) motion to dismiss "must accept" all of their allegations as true and construe factual conflicts in their favor. *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 142 n. 1 (3d Cir.1992)."

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 3

Had the Magistrate held an evidentiary hearing, testimony could have been elicited from Thomas Crossland as well as CRC and Champion employees who were involved in the procurement of insurance for Mr. Crossland's business entities. That testimony would prove that CRC SCU absolutely had information that Crossland's businesses were operating in the Virgin Islands, regardless of where they were "physically located" and as such CRC SCU contracted with Champion and thus conducted business, contracted for services, and contracted to insure risks in the Virgin Islands pursuant to the Long Arm Statute of the Virgin Islands 5 V.I.C. §4903 (a)(1, 2 &6). 5 V.I.C. §4903 (a)(1, 2 &6) And as the Third Circuit made clear in, *N. Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 691 (3d Cir. 1990), "[a] district court's reliance on a physical presence test to determine if it had jurisdiction over [a defendant] is misplaced, since "[j]urisdiction ... may not be avoided merely because the defendant did not *physically* enter the forum state."

### II. The Magistrate erred when he disregarded competent evidence produced by the Plaintiffs supporting the finding of personal jurisdiction.

### a. The applicable burden of proof

Federal courts have long recognized as to the purpose and function of burdens of proof that "'The function of a standard of proof... is to "instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication." The standard serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision.'" *Addington v. Texas*, 441 U.S. 418, 424 (1979) and *In re Winship*, 397 U.S. 358, 370 (1970)(Harlan, J., concurring).

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 4

To prevail under a preponderance of the evidence standard, "one needs only to prove that 'it is more likely than not that an event occurred." *Accord DDRA Capital, Inc. v. KPMG, LLP*, 2018 WL 924204, at *2 (D.V.I. 2018);1 *Henry v. Department of Corrections*, 131 Fed.Appx. 847, 850, 2005 WL 1176498, at *2 (3d Cir. May 19, 2005)("A preponderance standard *is* a 'more likely than not' standard …'")(*citing* BLACK'S LAW DICTIONARY 1182 (6th ed.1991).[2]

---

[1] *DDRA Capital,* , 2018 WL 924204, at *2 ("Preponderance of the evidence is the traditional burden of proof borne by the plaintiff in a civil action. *Mack v. Ashlock*, 921 P.2d 1258, 1261 (Nev. 1996).[3] Under this standard, many courts require a plaintiff to prove 'that a fact's existence is more likely than not.' *Greenwich Collieries v. Dir., Office of Workers' Comp. Progs.*, 990 F.2d 730, 736 (3d Cir. 1993); *see also In re Estate of Bethurem*, 313 P.3d 237, 242 (Nev. 2013); *Am. Elevator Co. v. Briscoe*, 572 P.2d 534, 537 (Nev. 1977) (applying more likely than not standard to negligence pursuant to *res ipsa* theory). Therefore, the law generally regards preponderance and more likely than not as the same standard. *See Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) ('The burden of showing something by a "preponderance of the evidence," the most common standard in the civil law, "simply requires the trier of fact 'to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence.'"" (internal citations omitted) (alterations in original)); *see also* Clifford S. Fishman & Anne T. McKenna, 1 Jones on Evidence § 3:9 (7th ed.).").

[2] The current edition of Black's Law Dictionary defines "preponderance of the evidence" as "The greater weight of the evidence, not necessarily established by the greater number of witnesses testifying to a fact but by evidence that has the most convincing force; superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other. • This is the burden of proof in most civil trials, in which the jury is instructed to find for the party that, on the whole, has the stronger evidence, however slight the edge may be." PREPONDERANCE OF THE EVIDENCE, Black's Law Dictionary (11th ed. 2019). *Accord Doe v. Princeton University*, 30 F.4th 335, 347 (3d Cir. 2022)("A familiar standard, preponderance of the evidence requires proof by the 'greater weight of the evidence.' *See* Preponderance *of the* Evidence, Black's Law Dictionary (11th ed. 2019). '[A] party proves a fact by a preponderance of the evidence when he proves that the fact's existence is more likely than not.' *Greenwich Collieries v. Dir., Off. of Workers' Comp. Programs*, 990 F.2d 730, 736 (3d Cir. 1993)).

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 5

  To establish a preponderance of the evidence does not require direct proof but a preponderance of evidence to support a claim can be inferred from circumstantial evidence. *Tot v. United States, 319 U.S. 463, 466–467 (1943). Accord LIAT (1974), Ltd. v. Cherubin*, 2022 VI 21, ¶ 19, 2022 WL 17414952, at *5 (V.I. Dec. 5, 2022)("It is well-established that a plaintiff may establish an element of a cause of action through circumstantial evidence alone.")(*citing Charles v. Arcos Dorados USVI, Inc.*, 71 V.I. 1146, 1154-1155 (V.I. 2019).

  "Circumstantial evidence is to be given the same weight by the fact finder as direct evidence." *People v. Phillip,* ST-11-CR-669, 2011 WL 13389574, at *4 (V.I. Super. Dec. 19, 2011)(citing *U.S. v. Ramirez-Rodriguez,* 552 F.2d 883, 884 (9th Cir. 1977); *see also* Kevin F. Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* § 12 (5th

---

**Bauman, Charles**

| | |
|---|---|
| From: | Lindsay Wright [lwright@championins.com] |
| Sent: | Monday, July 30, 2007 9:24 AM |
| To: | Bauman, Charles |
| Subject: | Crosstech Boiler Services, LP (CRS V.I. Inc.) |
| Attachments: | CRS VI |


CRS VI

Chuck,

Please see the email below from the insd. Please advise if this increase is possible and if so what is the cost.

Thank you,

Lindsay Wright
Champion Commercial Insurance
3025 Commerce St.
Dallas, TX 75226

214-265-9020 office
214-265-1428 fax
lwright@championins.com
www.championins.com

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 6

ed. 2000)).

### b. The Magistrate completely disregarded circumstantial and direct evidence that supports this court's exercise of personal jurisdiction.

The Magistrate completely disregarded evidence Plaintiffs' submitted in their *Opposition to Defendant CRC's Motion to Dismiss* [Docket No. 60-1; 60-2; 60-6] including, but not limited to *Exhibit 1*; evidence of Crosstech and CRS VI operations in the Virgin Islands in 2006 with earnings of over 9 million dollars provided to CRC in 2007 and a request for increase in coverage based on those operations, and; *Exhibit 2*; information outlining the CRC Group Overview and operations across the US and Canada; and *Exhibit 6*, the Deposition of Neil Kessler, evidence of admission of a party opponent.

---

**Bauman, Charles**

| From: | Layton, Richard [RLayton@hovensa.com] |
|---|---|
| Sent: | Thursday, July 26, 2007 3:37 PM |
| To: | tomc@crosstechboiler.com |
| Subject: | CRS VI |

Tom

Last year, our records show we spent over $9 million with Crosstech in 2006. According to my Liability Insurance matrix, we need CRS VI to have Commercial General Liability Insurance in the amounts of $2,000,000 per occurrence with a $4,000,000 aggregate. Please make these arrangements with your insurance carrier.

When I write the contract Addendum, I will incorporate another change to your contract noting the new insurance limit requirement.

Thank you,

Richard Layton
Manager, Contracts & Business Services
340-692-3128
340-626-6286 cell
340-692-3844 fax

---

ECF Doc. No. 60-1, Bates 238-239

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 7

Charles Bauman worked for CRC (aka Crump) in 2007. ECF Doc. No. 161-6, P. 35, ln. 7-12. Champion clearly provided CRC with information that Thomas Crossland's businesses, Crosstech and CRS VI had earned 9 (nine) million dollars in the U.S. Virgin Islands in 2006 and that information was tendered to CRC during the 2007 policy period.

This evidence establishes Plaintiffs' prima facie case of personal jurisdiction, and the factual dispute must be drawn in Plaintiffs' favor. *Estate of Thompson v. Phillips*, 741 Fed. Appx. 94, 96 (D.V.I. 2018). The evidence presented by Plaintiffs' establishes that Plaintiffs made a prima facie case of personal jurisdiction under the Long Arm Statute of the Virgin Islands, Title 5, §4903 of the Virgin Islands Code by proving that CRC SCU (1) transacted business in the territory; (2) contracted to supply services or things in the territory and (6) contracted to insure any person, property, or risk located within the territory at the time of contracting. 5 V.I.C. §4903 (a)(1, 2, & 6). Instead, the Magistrate resolved this factual dispute in favor of CRC.

    **a.   CRC's admissions**

CRC's corporate representative was deposed on November 9, 2021. During that deposition, he admitted to the following facts:

Kessler admitted that he was the 30(b)(6) representative for CRC and that his responses were binding upon CRC in both this case and the *Codrington* case. [ECF Doc. No. 60-6, P. 8, ln. 14-19. He reviewed the disclosures in the cases at a "very high level". *Id*, at P. 9, ln 2-3. Mr. Kessler is a licensed attorney in Texas. *Id*, at P. 10, ln. 11-14. Kessler is the president and chief operating officer for CRC. *Id*, at P. 11, ln. 6. He admitted

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 8

that CRC is licensed to do business in all fifty states of the United States but was "unaware" of whether CRC had licenses to do business in any territories. *Id*, at P. 12, ln. 15-P. 13, ln. 2. CRC is a wholesale insurance broker that distributes insurance products to retail insurance agents. *Id*, at P. 13 ,ln. 5-11.

Kessler was asked whether CRC was engaged in the process for obtaining insurance for Thomas Crossland's entities and he testified "I don't know the particular entities that were part of the application for insurance." *Id*, at P. 15, ln. 14-15. Kessler also admitted that at the time that the Crossland entities were attempting to procure insurance from CRC [Crump] via Champion (the retail agent) that CRC did not require more information about the nature of a potential insured's business, other than a one-sentence description. *Id*, at P. 20, ln. 17-22. Kessler admitted that CRC would need to know where a potential insured was doing business in order to review the proper markets that wrote coverage where the potential insured was conducting business. *Id*, at P. 22, ln. 8-13.

When asked whether CRC was aware of whether Crosstech Boiler Services or CRS, VI, Inc., ever tendered information that indicated that they were primarily doing business in the US Virgin Islands, Kessler stated "I'm not aware." *Id*, at P. 23, ln. 14-20. Kessler admitted that when additional information regarding a potential insured was obtained by the retail insurance agent for the potential insurer, CRC would obtain that information from the retail insurance agent and review the information prior to sending it on to the potential insurer. *Id*, at P. 23, ln. 22-P. 24, ln. 12.

Kessler was then asked whether he was aware that in 2007, during the applicable

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 9

Steadfast policy year running from January 2007 to January 2008, Tom Crossland or Crosstech Boiler Services requested that the name of his company be changed to CRS VI, and he stated that he was "not aware that happened." *Id*, at P. 24, 13-19. He also admitted that if there was information in the documents produced by CRC that contained that information that he had no reason to dispute it.

```
Q. Are you aware that with regard to the policy that
was acquired by Tom Crossland or Crosstech Boiler Services
for the time frame of January 2007 to January 2008, that at
some point during that policy coverage year, Mr. Crossland
asked that the name of the company be changed from Crosstech
Boiler Services, LP to CRS VI?
A. No, I'm not aware that that happened.
Q. If that information is contained within
disclosures provided by CRC, do you have any reason to
dispute that?
        A. No.

        ECF Doc. No. 60-6, P. 24, ln. 13-23
```

Kessler also admitted that he was unaware that during the January 2007-January 2008, policy year under the Steadfast (Zurich) coverage, that CRS VI requested policy limits increase and sent information with income verification. *Id*, at P. 25, ln. 23-P. 26, ln. 5. Kessler also admitted that CRC has no prohibition on doing business within the Virgin Islands.

```
Q. And Mr. Kessler, anywhere within Crump's or CRC's
policies, procedures, memorandum of understandings, is there
any prohibition on CRC doing business with the Virgin
Islands?
MR. KUCZYNSKI: Objection to form.
        A. Not that I'm aware of.
```

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 10

ECF Doc. No. 60-6, P. 26, ln. 20-25

Kessler went further to admit that there is no restriction on CRC from obtaining coverage for a potential insured who performs their primary business in a U.S. Territory.

Q. To your knowledge, does CRC restrict its business
dealings with regard to obtaining coverage for potential
insureds who may have -- perform their primary business in a
U.S. territory?
MR. HENDRIX: Objection to form.
MR. KUCZYNSKI: Objection to form.
     A. No. We don't, no.

ECF Doc. No. 60-6, P. 27, ln. 13-19

Okay. So does CRC restrict
its business dealings with retail insurance agents regarding
writing lines to potential insureds whose business is
primarily in a U.S. territory?
A. No.
Q. Okay. Same question, but does CRC restrict or
refuse to conduct business with retail insurance agents who
are obtaining coverage for potential insureds who primarily
conduct business in U.S. territories?
A. No.

ECF Doc. No. 60-6, P. 27, ln. 25-P. 28, ln. 9.

Kessler also admitted that CRC has never made statements to its customers (retail insurance agents) that there are any limitations on where their customers can come from in terms of geography. *Id*, at P. 29, ln. 17-19.  Further, in the applicable time periods at issue from 2006-2008, Kessler had no reason to believe that CRC (Crump), significantly limited their geographical area of business to Texas. *Id*, at P. 32, ln. 7-9.  Kessler also admitted that CRC (Crump) acquired the insurance policies on behalf of the retail insurance agent

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 11

for Crosstech and CRS VI. *Id*, at P. 34, ln. 14-20. Kessler further admitted that CRC, via Charles Bauman, on July 30, 2007, received the request for a policy increase and the information about CRS VI earning nine million dollars with Hovensa in 2006.

Q. (Ms. Koockogey-Lajoie) So Mr. -- is it fair to say
that Charles Bauman, as of July 30th, 2007, received an
e-mail regarding CRS VI and its earnings with HOVENSA of
$9 million in 2006?
MR. KUCZYNSKI: Same objection. Objection to
form.
Q. (Ms. Koockogey-Lajoie) Go ahead.
A. I can't tell what specifically that attachment is,
but from what you're showing me on the screen, that appears
to be the case.

ECF Doc. No. 60-6, P. 37, ln. 6-15

Kessler further admitted that Crossland provided information for a supplemental insurance application that included reference to "formal safety program" and "attached paperwork 2/18/07". *Id*, at P. 40, ln. 1-17. Kessler admitted that CRC was in possession of that information. *Id*, at P. 41, ln. 12-16.



GENERAL LIABILITY APPLICATION FOR CONTRACTORS

Insured must complete and sign this application. All questions must be answered in full. If not applicable, please state.

1. Name of Applicant: CRS VI Inc
   (Crosstech VI /Crosstech Boiler Service Inc)
2. Address (business): 811 S. Central Expressway Suite 232
   Richardson TX 75080

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 12

> 7. Do you have a formal safety program in operation? Yes ☑ No ☐
>
> Please explain and/or provide a copy.
>
> *Attached (see paperwork dated 2/18/07) Employee orientation.*
>
> **EMPLOYEE ORIENTATION**
>
> Welcome to CrossTech V.I new employee, we want you to go home exactly like you came to work each day Healthy, with all your toes and fingers, with both eyes, and being able to walk with a "healthy" back and legs during this orientation we will teach you valuable information about Safety, Safe Work Practices, specific vital information on Hovensa Alarm Code, Evacuation Points and Emergency Contact Information.

ECF Doc. No. 60-1, Bates 478, 480, 486

Kessler admitted that at no time did Crossland or CRS VI indicate that they had limited their geographic area of operation to Texas or Louisiana. *Id*, at P. 43, ln. 20-24.

The testimony given by Neil Kessler in his deposition constitutes an admission by a party opponent under Federal Rule of Evidence 801(d)(2)(A). F.R.E. 801(d)(2)(A).

The factual dispute at issue here is that Plaintiffs contend that CRC procured insurance for Crosstech via Champion and had knowledge that Crosstech was doing business in the Virgin Islands. CRC argues that it did not have that knowledge and that they do not do business in the Virgin Islands. The Magistrate relied on CRC SCU's representative Neil Kessler's affirmation to support that contention where Kessler indicated that CRC or Crump were not "registered to conduct business in the Virgin Islands, nor did they own real or personal property, maintain a bank account, appoint an agent for service

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 13

of process, advertise their services, enter into a contract, have an office, agents, sales representatives or employees, or solicit or conduct business in the Virgin Islands." *Report and Recommendation* [ECF Doc. No. 96] at P. 7.

However, transacting any business can be satisfied by a single act. *Fin. Trust Co. Inc., v. Citibank N.A.*, 268 F.Supp. 2d, 561, 567 (D.V.I. 2003)   . It cannot be disputed, based on the evidence put forth by the Plaintiffs in their Opposition, that at least by 2007, CRC SCU unequivocally knew or should have known that Thomas Crossland and his companies had done 9 (nine) million dollars' worth of business in the Virgin Island when Champion approached them with that information for the purposes of renewing Crossland's policies. CRC SCU had that information, and they still renewed the policy. CRC SCU purposefully availed themselves to the jurisdiction of the Virgin Islands when they contracted with Champion and therefore Crossland to procure insurance for Crossland's businesses.

### III. The Magistrate erred when he inferred that Hovensa needed to be described for CRC to understand it was a Virgin Islands Corporation.

The Magistrate's inference that Hovensa needed to be described to CRC for them to know it was in the Virgin Islands is erroneous. *Report and Recommendations* ECF Doc. No. 96; Background P. 6. Exhibit 1, to Plaintiffs' Opposition to Defendant CRC's Motion to Dismiss, contains an email from Richard Layton (manager, contracts & business for Hovensa) that not only has Crosstech and CRS, VI listed as doing 9 million dollars of business with Hovensa in 2006, but also includes Layton's telephone numbers. See, [ECF Doc. No. 60-1] Those phone numbers all have 340 area codes which is the area code for

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 14

the Virgin Islands and ONLY the Virgin Islands. *Id.* Again, the Magistrate resolved a factual dispute in favor of CRC rather than Plaintiff. This is contrary to law. *Estate of Thompson v. Phillips*, 741 Fed. Appx. 94, 96 (D.V.I. 2018).

---

**Bauman, Charles**

| | |
|---|---|
| From: | Layton, Richard [RLayton@hovensa.com] |
| Sent: | Thursday, July 26, 2007 3:37 PM |
| To: | tomc@crosstechboiler.com |
| Subject: | CRS VI |

Tom

Last year, our records show we spent over $9 million with Crosstech in 2006. According to my Liability Insurance matrix, we need CRS VI to have Commercial General Liability Insurance in the amounts of $2,000,000 per occurrence with a $4,000,000 aggregate. Please make these arrangements with your insurance carrier.

When I write the contract Addendum, I will incorporate another change to your contract noting the new insurance limit requirement.

Thank you,

Richard Layton
Manager, Contracts & Business Services
340-692-3128
340-626-6286 cell
340-692-3844 fax

---

7. Do you have a formal safety program in operation? Yes ☑ No ☐

Please explain and/or provide a copy.

Attached (see paperwork dated 2/18/07) Employee orientation.

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 15

> **EMPLOYEE ORIENTATION**
>
> Welcome to CrossTech V.I new employee, we want you to go home exactly like you came to work each day Healthy, with all your toes and fingers, with both eyes, and being able to walk with a "healthy" back and legs during this orientation we will teach you valuable information about Safety, Safe Work Practices, specific vital information on Hovensa Alarm Code, Evacuation Points and Emergency Contact Information.

ECF Doc. No. 161-1, Bates 239, 280, 286

### IV. The Magistrate erred when he failed to discuss and determine the standard of proof required for Plaintiffs to establish a prima facie case for personal jurisdiction.

Nowhere in the Magistrate's analysis or conclusion does he state what the standard of proof is for Plaintiff to establish a prima facie case for personal jurisdiction. Therefore, it is unknown which standard of proof the Magistrate applied to make his determination that Plaintiffs had not met their burden of establishing a prima facie case. If a court fails to conduct an evidentiary hearing on a motion for dismiss for lack of personal jurisdiction, Plaintiff need only plead a prima facie case to survive the motion but must eventually establish personal jurisdiction by a preponderance of the evidence. *LaRose v. Sponco Mfg., Inc.*, 712 F.Supp. 455. 458-59 (D.N.J.1989) citing *Marine Midland Bank v. Miller*, 664 F.2d 899, 904 (2d Cir.1981)

**WHEREFORE**, based on the Magistrate's failure to hold an evidentiary hearing, his failure to resolve factual disputes in favor of the Plaintiffs, and failure to discuss and determine the proper standard of proof required for Plaintiffs to establish a prima facie case for personal jurisdiction, the Plaintiffs object to the Report and Recommendations of the

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 16

Magistrate [ECF Doc. No. 96] and request the District Court make a de novo determination on the Motion to Dismiss.

        RESPECTFULLY SUBMITTED
        LEE J. ROHN AND ASSOCIATES, LLC
        Attorneys for Plaintiffs

DATED: March 10, 2023        BY:   /s/ *Jennifer S. Koockogey-Lajoie*
        Jennifer S. Koockogey-Lajoie, Esq.
        VI Bar No. R2068
        1108 King Street, Suite 3 (mailing)
        56 King Street, Third Floor (physical)
        Christiansted, St. Croix
        U.S. Virgin Islands 00820
        Telephone: (340) 778-8855
        jennifer@rohnlaw.com

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**Plaintiff's Objection to Magistrate Judge's Proposed Findings, Recommendation or Report Pursuant to LRCI 72.3**
Page 17

# CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on March 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

David Hendrix, Esq.
GrayRobinson, P.A.
401 E. Jackson Street, Ste. 2700
Tampa, FL 33602
Email Address: david.hendrix@gray-robinson.com
    Attorney For: CRC SCU f/k/a Crump Ins Services

Robert Kuczynski, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, VI 00820
Email Address: robb@BeckstedtLaw.com; maureen@beckstedtlaw.com
    Attorney For: CRC SCU f/k/a Crump Ins Services

Veronica A. Meza, Esq.
GrayRobinson, P.A.
333 SE 2nd Ave Ste 3200
Miami, FL 33131
Email Address: veronica.meza@gray-robinson.com
    Attorney For: CRC SCU f/k/a Crump Ins Services

W. Mark Wilczynski, Esquire
Law Office of W. Mark Wilczynski, P.C.
Palm Passage Suites C20-22
P.O. Box 1150
St. Thomas, VI 00804
Email Address: mwilczynski@usvilaw.com; sanyale@usvilaw.com; justin@usvilaw.com
    Attorney For: Steadfast Insurance Company (Steadfast)

BY:   /s/ *Jennifer S. Koockogey-Lajoie* (at)