**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| CONSTANCE ALEXANDER and PETULA ALEXANDER and DINORAH WILLIAMS, | CASE NO. 1:20-CV-38 |
| Plaintiffs, | |
| v. | |
| STEADFAST INSURANCE COMPANY (STEADFAST), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES, | JURY TRIAL DEMANDED |
| Defendants. | |

## OBJECTION AND APPEAL OF MAGISTRATE'S ORDER STAYING DISCOVERY

Plaintiffs timely object and appeal the Magistrate Judge's March 2, 2023, Order [ECF Doc. 97] granting CRC SCU's Motion to Stay Discovery [ECF Doc. 55, 56]. The Magistrate Judge's ruling is clearly erroneous because the Magistrate improperly applied the *Udeen* factors, did a full review of the Motion to Dismiss on the merits prior to adjudicating the Motion to Stay Discovery, and *sua sponte* granted the stay of discovery to Defendant Steadfast even after denying their motion joining in CRC SCU's Motion to Stay Discovery. *See*, ECF Doc. 96.

## LEGAL STANDARD

Upon an appeal from a ruling of a magistrate judge on a pretrial non-dispositive matter, a district court shall "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Farmers &*

**LEE J. ROHN AND ASSOCIATES, LLC**
1108 King St, Ste 3
Christiansted, VI
00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 2

*Merchants Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997) ("A magistrate judge's decision in a non-dispositive discovery dispute will be set aside only if it is clearly erroneous or contrary to law.").

A finding is "clearly erroneous" when "the [reviewing] court has 'the definite and firm conviction that a mistake has been committed.' " *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992), as amended (Sept. 17, 1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Beccerril v. Spartan Concrete Products, LLC*, 798 F. App'x 719, 721 n.4 (3d Cir. 2020). The magistrate judge has committed clear error where a factual finding "is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Ramsay v. Nat'l Board of Medical Examiners*, 968 F.3d 251, 261 (3d Cir. 2020).

## ARGUMENTS

### I. The Magistrate improperly applied the *Udeen* factors in favor of a stay which is clearly erroneous.

Courts have consistently held that where a party seeks a stay of discovery, the party must meet the "heavy burden" of a "strong showing" why discovery should be denied. *See Weeks v. Leeward Islands Apothecaries, LLC*, No. 1:09-CV-50, 2010 WL 2160281, at *1 (D.V.I. May 26, 2010). The District Court of the Virgin Islands opined:

> Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. [sic] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.... Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion.

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 3

*Id.* (citing *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990)).

Further, the District Court in *United States v. CDS, P.A.*, 2015 WL 5257132, at \*1-2

(D. Idaho Sept. 3, 2015) has noted that:

> The explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S.C. 1937 (2009), has made speedy determinations of cases increasingly more difficult. ...The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.

*Id.* (internal citations and quotations omitted.).

Granting a stay of discovery runs at cross-purposes to the policy under the Federal

Rules of Civil Procedure for the expeditious resolution of litigation. *See Gray v. First*

*Winthrop Corp.*, 133 F.R.D. 39, 39–40 (N.D.Cal. 1990)("The intention of a party to move for

judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J.

Moore, Federal Practice § 26.70[2], at 461. Had the Federal Rules contemplated that a

motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would

contain a provision to that effect. In fact, such a notion is directly at odds with the need for

expeditious resolution of litigation.").[1]

Courts within the Third Circuit agree that the factors to examine whether a stay

should be entered include: (1) whether a stay would unduly prejudice or present a clear

tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a

---

[1] *Accord Safelite Solutions, LLC v. C Thru Auto Glass, LLC*, 2021 WL 5354709, at \*2 (S.D.Ohio, Nov. 17, 2021); *360 Mortgage Grp, LLC v. LoanCare LLC*, 2018 WL 6272034, at \*1 (W.D.Tex. Nov. 30, 2018); *New England Carpenters Health and Welfare Fund v. Abbott Laboratories*, 2013 WL 690613, at \*2 (N.D.Ill. Feb. 20, 2013); and *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600-601 (D.Nev. 2011).

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 4

clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. *See Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (citing *Jackson v. Trump Entrainment Resorts, Inc.*, C.A. 13-1605 (JHR/JS), 2015 WL 13637411, at *4 (D.N.J. Feb. 11, 2015)).

In *Udeen*, the Court found that the plaintiffs would be prejudiced if all discovery is stayed while waiting for defendants' motion to be decided. Given the "expected time it will take for the motion to be decided, the case will be in suspense for months if defendants' request is granted," and "[h]aving filed their complaint plaintiffs have a right to move forward. *Id.* (citing *Costantino v. City of Atlantic City,* C.A. No. 13-6667 (RBK/JS), 2015 WL 668161, at *3 (D.N.J. Feb. 17, 2015) (a delay in plaintiffs' efforts to diligently proceed with their claims substantially prejudices plaintiffs).

The Court was concerned that the longer the case languished "the greater chance exists that relevant evidence may be lost or destroyed." *Id.* (citing *Clinton v. Jones*, 520 U.S. 681, 707-08, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence including the inability of witnesses to recall specific facts, or the possible death of a party"); *New York v. Hill*, 528 U.S. 110, 117, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) ("Delay can lead to a less accurate outcome as witnesses become unavailable and memories fade.").

As noted above, there is nothing in the Federal Rules of Civil Procedure that mandates that discovery should not proceed while a motion to dismiss is pending. In fact:

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 5

> [T]he timing set forth for discovery-related tasks in the Federal Rules, including for the parties' discovery planning conference under Fed. R. Civ. P. 26(f) and the court's issuance of a scheduling order under Fed. R. Civ. P. 16(b), indicates that it is expected that the parties in litigation will expeditiously begin discovery soon after a case is filed.

*Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) (denying stay of discovery of the borrower records merely because there is a motion to dismiss pending).

Regarding assessing prejudice, Courts require that, "the party seeking [a] protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not suffice. *Cipollone v. Liggett Grp., Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986). The *Udeen* Court also found that a lack of prejudice and lack of undue hardship to defendants favored the plaintiffs. *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d at 332–33 ("the Defendants' concern about 'extremely expensive' discovery is overblown.") (holding that relevant factors weigh in plaintiffs' favor for denying stay of discovery).

Here the Magistrate found that because the  Plaintiffs agreed in January 2022 in a joint discovery memorandum [see, ECF Doc. No. 49] that further discovery would not be prudent until a decision on CRC's Motion to Dismiss was rendered, that Plaintiffs can never experience prejudice because they agreed to wait on discovery at one time.  That is simply contrary to law.  As was pointed out by the Magistrate in his Order Staying Discovery, the Plaintiffs in January of 2022 to wait for a ruling on the Motion to Dismiss because the Magistrate himself assured the parties that the Judge at the time, Anne Thompson, would be ruling on the motion expeditiously.  See *Order Staying Discovery*, p. 8-9 ECF Doc. 97.

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 6

However, Judge Thompson did not rule on the motion and in fact retired. *Id*. The case was then reassigned twice and now over fourteen months have passed since Plaintiffs made that assertion in the *Alexander* case. *Id*. Just because the Plaintiffs agreed at one time to wait on discovery does not mean that position cannot be changed. Plaintiffs are prejudiced by the continued delay that occurs in this case.

The Magistrate goes further to state that "if memories have faded, it is likely they have faded well before now." *Id*, at 14. This statement flies in the face of the *Udeen* and the concern for cases languishing and evidence being lost or destroyed. In addition to fading memories of witnesses, there is the issue of the loss and destruction of evidence. It is presumed that CRC SCU and Steadfast have likely given documentary evidence to their counsel to hold in this matter. However, as the Hurricanes of 2017 have taught us, those documents could be easily lost or destroyed if another natural disaster were to strike the territory. Juan F. Luis Hospital on St. Croix lost all medical records that predated 2012 because the documents were lost to the storm. Plaintiffs have been given no indication that the evidence in question has been sequestered or preserved against Acts of God. Finally, this case involves events going back to 2007. Not only do witnesses' memories fade, but people die, relocate or move out of the country. The continued delay and inability of the Plaintiffs to attempt to find and locate these witnesses and evidence is significantly prejudicial.

Conversely, the prejudice the Magistrate attributes to Defendant CRC is that if discovery is not stayed, discovery would occur in a piecemeal fashion in both this case and

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 7

*Codrington v. Steadfast* 1:19-CV-00026.  That is not prejudice that merits a stay.  The

Magistrate's weighing of that factor was clearly erroneous and contrary to law.

Next the Magistrate determined whether denial of a stay would create a case of

hardship for CRC SCU.  The Magistrate determined that CRC SCU would incur harm

because the Magistrate already determined that CRC SCU made a "clear and convincing

showing that the motion to dismiss would be granted …because it [the Court] forwarded an

R&R to the district court recommending granting the motion to dismiss against CRC—it

would be unfair to subject CRC to discovery." *Order Staying Discovery*, at P.15 ECF Doc.

No. 97.  However, this is erroneous because the Magistrate had already done the Report

and Recommendation and therefore improperly conducted a full review of CRC's Motion to

Dismiss on the merits.  Further, as Plaintiffs pointed out, the Motion to Dismiss isn't even

dispositive because it is based on personal jurisdiction and the matter can and will be

brought against CRC in a different jurisdiction if their motion to dismiss is granted.

Therefore, it is not "unfair" to subject CRC to discovery when they will ultimately have to

eventually engage in discovery.

The Magistrate then states that the third *Udeen* factor also weighs in favor of a stay

again, because of the R&R that was forwarded to the district court.  *Id*, at P.16.  As will be

discussed further below, the Magistrate was not permitted to review the Motion to Dismiss

on the merits when making the determination on the Motion to Stay Discovery but did so

anyway.  Further, the only motion to stay was made by CRC.  Yet the Magistrate stayed

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 8

discovery as to the entire case without justification.  He did so even after he denied

Defendant Steadfast's motion to join Defendant CRC's Motion to Stay.

The Magistrate stated that the fourth factor weighed in fact of a stay because there

was no trial date set and he had not "held the parties to" the prior scheduling order.  *Id*, at

P. 17.  While that may weigh in favor of a stay, that factor alone is not enough to outweigh

the prejudice to the Plaintiffs.

The Magistrate's analysis of the *Udeen* factors was clearly erroneous.  As such,

Plaintiffs ask that the District Court reverse the Magistrate's Determination and set a new

scheduling order in this matter to allow discovery to proceed.

**II.  The Magistrate improperly conducted a full review of CRC's Motion to Dismiss on the merits prior to adjudicating the Motion to Stay Discovery which is clearly erroneous.**

The Magistrate cites to his own opinion in *Ainger v. Great American Assurance*

*Company,* 1:20-cv-00005, 2022 WL 3139079, at *7 (D.V.I. Sept. 30, 2021) to support his

proposition that the Magistrate is entitled to a "preliminary peek" at the Motion to Dismiss in

weighing the factors under *Udeen*.  See, *Order Staying Discovery*, at P. 12, ECF Doc. No.

192.  However, the opposite contention has been followed by this Court in *Weeks v.*

*Leeward Islands Apothecaries*, LLC 2010 WL 2160281, at *1 (D.V.I. May 26, 2010) who

found that the Defendants in that case failed to carry their "heavy burden of making a

'strong showing' why discovery should be denied".   *Weeks v. Leeward Islands*

*Apothecaries*, LLC 2010 WL 2160281, at *1 (D.V.I. May 26, 2010)  *Weeks* relied on *Gray v.*

*First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) which stated that "had the Federal

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 9

Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. [sic] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.... Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990)

Further, the Magistrate's "preliminary peek" determination in the *Ainger* case of the Motion to Dismiss, was found to be incorrect by District Court Judge Wilma Lewis and the Defendants were not successful on their motions to dismiss. See, attached Exhibit 1, Memorandum Opinion of Judge Wilma Lewis in *Ainger v. Great American*, et al., 1:20-00005-WAL-EAH, September 22, 2022, ECF Doc. No. 93.

Here, the Magistrate even further overstepped as he chose to do a complete review of the merits of the motion to dismiss for his Report and Recommendation, and only then did he address the Motion to Stay Discovery. This is clearly erroneous, and the Magistrate has circumvented the procedures for the resolution of motions for stay and motions to dismiss.

### III. The Magistrate improperly extended the stay to Defendant Steadfast and the case as a whole *sua sponte*, after denying Defendant Steadfast's motion to join in CRC SCU's Motion to Stay Discovery.

The Magistrate *sua sponte* stayed all discovery in this case despite having found that Steadfast's Motion for Joinder in CRC SCU's Motion to Stay Discovery did not explain how any of the *Udeen* factors would apply to justifying a stay on their behalf.

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 10

*Order Staying Discovery*, P. 18, ECF Doc. No. 97  Despite that finding, the Magistrate

concluded that a stay was proper from a "case management perspective."  *Id*.

However, as has been previously discussed above, courts have consistently held that

where a party seeks a stay of discovery, the party must meet the "heavy burden" of a

"strong showing" why discovery should be denied. *See Weeks v. Leeward Islands*

*Apothecaries, LLC*, No. 1:09-CV-50, 2010 WL 2160281, at *1 (D.V.I. May 26, 2010).

The Magistrate does not indicate how Steadfast meets its "heavy burden" of a "strong

showing" of why discovery should be denied in this case as to Steadfast.

    An identical situation occurred in *Vitalis v. Crowley Caribbean Services*, LLC, No.

1:20-cv-00020-WAL-GWC, 2021 WL 4494192, at *3 (D.V.I. September 30, 2021).

Several of the defendants filed motions to dismiss, with one defendant having filed an

answer. *Id*, at *1.   The defendants who filed motions to dismiss also filed a motion to

stay discovery pending resolution of the motions to dismiss.  *Id*.  The defendant who

filed an answer did not file a motion to stay discovery.  *Id*.  The Court denied the motion

to stay discovery and held that "the inclusion of CLSPR with CMC and SPRSI in the

instant motion is incongruous.  The instant motion does not offer any grounds for

CPRSI's entitlement to stay."  *Id*, at *3-4.

    Staying discovery as to Steadfast in this matter is incongruous as they do not have a

pending motion to dismiss.  The Magistrate's sua sponte decision to do so is clearly

erroneous and contrary to law.

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 11

**WHEREFORE**, based on the reasons stated above, Plaintiffs object and appeal the

Order Staying Discovery and requests the District Court Judge to set aside the Order as

clearly erroneous and contrary to law.

RESPECTFULLY SUBMITTED
LEE J. ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiff


DATED:  March 16, 2023                    BY:   /s/ *Jennifer S. Koockogey-Lajoie*
                                          Jennifer S. Koockogey-Lajoie, Esq.
                                          VI Bar No. R2068
                                          1108 King Street, Suite 3 (mailing)
                                          56 King Street, Third Floor (physical)
                                          Christiansted, St. Croix
                                          U.S. Virgin Islands 00820
                                          Telephone: (340) 778-8855
                                          jennifer@rohnlaw.com

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
Case No. 1:20-cv-00038
Objection and Appeal of Magistrate's Order Staying Discovery
Page 12

## <u>CERTIFICATE OF SERVICE</u>

**THIS IS TO CERTIFY** that on March 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

David Hendrix, Esq.
GrayRobinson, P.A.
401 E. Jackson Street, Ste. 2700
Tampa, FL  33602
Email Address: david.hendrix@gray-robinson.com
    Attorney For: CRC SCU f/k/a CRUMP INS. SERVICES

Robert Kuczynski, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, VI  00820
Email Address: robb@BeckstedtLaw.com; maureen@beckstedtlaw.com
    Attorney For: CRC SCU f/k/a CRUMP INS. SERVICES

Veronica Andrea Meza, Esq.
GrayRobinson, P.A.
333, SE 2nd Avenue, Suite 3200
Miami, FL  33131
Email Address: Veronica.Meza@gray-robinson.com
    Attorney For: CRC SCU f/k/a CRUMP INS. SERVICES

W. Mark Wilczynski, Esq.
Law Office of Mark Wilczynski, Esquire
Palm Passage Suites C 20-22
P.O. Box 1150
St. Thomas, VI  00804
Email Address:
mwilczynski@usvilaw.com;Lauren@usvilaw.com;Nikki@usvilaw.com
    Attorney For: Steadfast Insurance Company

BY: *Jennifer S. Koockogey-Lajoie* (jk)

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

CONSTANCE ALEXANDER and
PETULA ALEXANDER and DINORAH
WILLIAMS,

           Plaintiffs,

    v.

STEADFAST INSURANCE COMPANY
(STEADFAST), CLARENDON
AMERICAN INSURANCE COMPANY
(CLARENDON), DEEP SOUTH
SURPLUS OF TEXAS, L.P., and CRC
SCU f/k/a CRUMP INS. SERVICES,

           Defendants.

CASE NO. 1:20-CV-38

<u>JURY TRIAL DEMANDED</u>

## <u>ORDER</u>

**THIS MATTER** having come before the Court on Plaintiffs' OBJECTION AND

APPEAL OF MAGISTRATE'S ORDER STAYING DISCOVERY dated March 14, 2023 and

the Court having been advised in its premises, it is;

**ORDERED** that Plaintiffs' Objection is **SUSTAINED** and the March 7, 2023, Order

Staying Discovery [ECF No. 97] is **VACATED**.

**SO ORDERED** this _____ day of _____ 2023.

_____
Honorable Judge Malachy E. Mannion
of the District Court