## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| CONSTANCE ALEXANDER, PETULA ALEXANDER, and DINORAH WILLIAMS, | CASE NO. 1:20-cv-00038 |
| Plaintiffs, | ACTION FOR DAMAGES |
| v. | <u>JURY TRIAL DEMANDED</u> |
| STEADFAST INSURANCE COMPANY (STEADFAST), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES, | |
| Defendants. | |

## <u>DEFENDANT'S RESPONSE TO THE PLAINTIFFS' OBJECTION TO THE REPORT AND RECOMMENDATION DATED MARCH 9, 2023</u>

The Defendant, CRC Insurance Services, Inc., incorrectly named as "CRC SCU f/k/a Crump Ins. Services" (hereinafter "CRC"), pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, responds in opposition to the Plaintiffs', Constance Alexander, Petula Alexander, and Dinorah Williams (collectively, the "Plaintiffs"), Objections ("Objections") to the Report and Recommendation of Magistrate Judge Emile A. Henderson III [DE 99] dated March 9, 2023 (the "Report and Recommendation"). As more fully set forth in the memorandum below, the Court should overrule the Plaintiff's Objections, and accept and adopt the Magistrate.

## I.    <u>INTRODUCTION</u>

Pursuant to Fed. R. Civ. P. 72, which governs a party's objections to a magistrate judge's report and recommendation to a district court, an objecting party must specifically object to the magistrate's factual findings and any legal conclusions in order to satisfy Rule 72's standards and procedures for objecting. Here, Plaintiffs have raised objections that the Magistrate Judge: (1) erred in not holding an evidentiary hearing; (2) did not consider certain evidence that purportedly

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins.  et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 2

would support a finding of personal jurisdiction; and (3) did not discuss or determine the standard of proof.

For the reasons discussed below, the Plaintiffs' Objections should be overruled because there were no disputed facts for which an evidentiary hearing would be necessary. Moreover, without any disputed facts, the Magistrate Judge did not have to weigh the evidence and, thus, discussion and determination of the standard of proof was unnecessary. Finally, as to the Plaintiffs' Objections that the Magistrate Judge did not consider certain evidence, none of the evidence identified by the Plaintiffs establishes that Crump's or CRC's conduct fell within the Virgin Island's Long Arm Statute. Thus, Plaintiffs failed to meet their burden to establish a prima facie case of personal jurisdiction over the Defendant.

Accordingly, the Magistrate's Report and Recommendation is correct and should be adopted by the Court, and Plaintiffs' Objections overruled in all respects.

## II.    <u>LEGAL ARGUMENT</u>

### A.    Standard for Review of Objections to Report and Recommendation

When a motion is delegated to a Magistrate Judge under Title 28, Section 636((b) of the United States Code, the Magistrate Judge is required to submit a report to the District Court and parties. *See* 28 U.S.C. § 636(b). Fed. R. Civ. P. 72 provides the appropriate procedure for district court review of a Magistrate Judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "file objections that specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 3

further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### B.      Standard for Review of Motion to Dismiss for Lack of Personal Jurisdiction

A motion to dismiss for lack of personal jurisdiction is governed by Fed. R. Civ. P. 12(b)(2). "[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) (citing *Time Share Vacation v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 65 (3d Cir.1984); *Unlimited Holdings, Inc., v. Bertram Yacht, Inc.*, 49 V.I. 1002, 1006 (D.V.I. 2008).

To meet this burden in the absence of an evidentiary hearing, the plaintiff must demonstrate a prima facie case of personal jurisdiction **via facts sufficient to confer personal jurisdiction over the defendant through sworn affidavits or other competent evidence**. *Cerciello v. Canale*, 563 Fed. Appx. 924, 925 (3d Cir. 2014). "In other words, 'bare pleadings alone' are insufficient to withstand a motion to dismiss for lack of personal jurisdiction." *Id.; see also Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (holding that a plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence; reliance on the bare pleadings is not enough.").

### C.      Plaintiffs' Objection that the Magistrate Erred in Failing to Hold an Evidentiary Hearing

Plaintiffs' first objection to the Report and Recommendation was that the Magistrate Judge did not hold an evidentiary hearing before issuing his Report and Recommendation. *See* [DE 194], pp. 2-3. As an initial matter, Plaintiffs should be prevented from taking an inconsistent position now than previously asserted in this proceeding. *See* [DE 164]; *see also Ryan Operations G.P. v. Santiam-Midwest Lumber Company*, 81 F.3d 355, 358 (3d Cir. 1996) (Judicial estoppel is a judge-made doctrine that "seeks to prevent a litigant from asserting a position inconsistent with one that

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins.  et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 4

she has previously asserted in the same or in a previous proceeding."). Specifically, when Defendant sought an evidentiary hearing on its Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiffs opposed the relief sought taking the position that there was enough "evidence in the record to deny the motion and the expense of an evidentiary hearing is unnecessary." *Id.*; *see also* email dated May 19, 2022 from Plaintiffs' counsel stating objection to Defendant's request for an evidentiary hearing attached hereto as **Exhibit "A."** For this reason alone, Plaintiffs' first objection should be overruled.

Nonetheless, Plaintiffs' first objection has no merit because there were no disputed facts and, thus, an evidentiary hearing was unnecessary. Plaintiffs contend that they was only required to establish a prima facie case of personal jurisdiction and entitled to have their allegations taken as true and **all factual disputes** drawn in their favor. *Id.* (citing *Est. of Thompson through Thompson v. Phillips*, 741 F. App'x 94-95 (3d Cir. 2018)).  The problem for Plaintiffs, in this case, is that there were **no factual disputes**.

The evidence showed unequivocally that CRC did not transact business in the Virgin Islands, much less engage in some sort of "purposeful activity" there.  *See* [DE 56-1], Declaration of Neil Kessler, CRC's Chief Operating Officer (attesting that CRC acquired Crump in 2012, and prior to the acquisition, Crump was a wholesale insurance broker that did not deal directly with insureds); *see also* [DE 60-6], Deposition of Neil Kessler dated November 9, 2021 ("Kessler Dep. Tr."), at 13:3-14:11 (testifying that both CRC and Crump, prior to its acquisition by CRC in 2012, were wholesaler insurance brokers that did not deal directly with insured). It was further undisputed that the insured at the time of the accident was Crosstech Boiler Services ("Crosstech"), a Texas corporation with an address and premises location in Richardson, Texas. *See* [DE 56-5], Application for the Policy at issue reflecting applicant as Crosstech Boiler Services, LP with an

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 5

address in Richardson, Texas as the premises of its business); [DE 56-6], CRC_000274 (email from insured's insurance agent confirming that the business only had one location in Richardson, Texas); [DE 56-7] (Schedule of Operations listing only a Texas address for insured's business operations). Indeed, even when the insured sought to amend the policy to change the name of the insured from "Crosstech Boiler Services LP" to "CRS V.I., Inc." ("CRS VI") months after the underlying accident, Crump was informed that there was no change to the business operations. *See* [DE 56-8] (email dated June 20, 2007 from Crump to insurer forwarding name change request form and stating: Crump "told no change in operations, just a name change" and listing a Richardson, Texas address for CRS V.I., Inc.); [DE 56-9] (insured's endorsement amending name of insured to CRS V.I., Inc. listing an address in Richardson, Texas). Moreover, Crump submitted evidence that, at no time material to the allegations in the complaint was CRC or Crump registered to conduct business in the Virgin Islands. *See* [DE 56-1].

**Plaintiffs did not present evidence to dispute these facts.** Instead, Plaintiffs now object contending that had an evidentiary hearing been held they "could have" elicited testimony "from Thomas Crossland as well as CRC and Champion employees who were involved in the procurement of insurance for Mr. Crossland's business entities" to "prove that CRC SCU absolutely had information that Crossland's businesses were operating in the Virgin islands, regardless of where they were 'physically located' . . .." [DE 99], p. 3. Plaintiffs' objection rings hollow in light of the fact that this Court granted the Parties an opportunity to conduct jurisdictional discovery, and Plaintiffs had the opportunity to discover if this testimony even exists and, if so, submit it to the Court in opposition to Defendant's Motion to Dismiss. Moreover, the undisputed evidence contradicts the Plaintiffs' assertion as to what testimony they could have elicited. Thomas Crossland, principal of the insured, testified that the Steadfast Insurance Policy at issue was

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins.  et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 6

intended for the insured's "State-side work"—not work performed in the U.S. Virgin Islands. *See*

DE 56-11], Thomas Crossland Deposition Transcript at 42:25-45:12 (testimony that the Steadfast

policy at issue was 'not a Virgin Island policy" but a "policy that would have been used by

[Crossland's] company . . . for State-side operations.").

Simply put, there was no need for an evidentiary hearing where the pertinent facts were

undisputed. Accordingly, because no material facts were in dispute, the Magistrate Judge did not

err in issuing his Report and Recommendation without an evidentiary hearing.

**D.      Plaintiffs' Objections that the Magistrate Judge Purportedly Disregarded
Evidence Supporting a Finding of Personal Jurisdiction**

None of the evidence that Plaintiffs complain the Magistrate Judge purportedly disregarded

address or dispute that Crump, prior to its acquisition by CRC, and CRC are insurance wholesale

brokers that do not deal directly with the insured, *see supra*, Section II.C, or dispute the factual

assertions made in the Neil Kessler Declaration. [DE 56-1].

**1.      Plaintiffs' Composite Exhibit 1**

**a.      Policy Effective January 11, 2008 through January 11, 2009**

First, it should be noted that Plaintiffs' Exhibit 1 is an insurance policy effective January

11, 2008 through January 11, 2009 (the "2008 Policy"), and is not the policy at issue in this case.

*Compare* [DE 60-1], *with* [DE 56-10] (Assignment and Agreement Not to Execute stating that

accident occurred on March 4, 2007), and [DE 65-1] (2007 Policy at issue).  Regardless, even if

the 2008 Policy was the policy at issue and relevant to the determination of personal jurisdiction,

Plaintiffs have not explained how it confers personal jurisdiction over Crump.

The 2008 Policy (as with the 2007 Policy at issue) lists an address for the insured in

Richardson, Texas ([DE 60-1], at pp. 1-18), and listed the premises as located in Richardson, Texas

([DE 60-1], at p. 21, CRC_000077). Additionally, as with the 2007 Policy, the 2008 Policy made

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 7

material representations that the insured did not have any subsidiaries and did not lease employees to or from other employers or have a labor interchange with any other business or subsidiaries. *See* [DE 60-1], at pp. 21 and 24, CRC_000077 and 80 (insured answering in the negative that it was a subsidiary of another entity or that it had any subsidiaries, and answering in the negative that it leased employees to or from other employers or had a labor interchange with any other business or subsidiaries). This contradicts the allegations in paragraphs 10 and 11 of the Plaintiffs' Complaint. [DE 4-2], at ¶¶ 10-11.

Simply put, Exhibit 1 does not evidence that, in procuring the 2008 Policy, Crump was informed that CRS VI's business operations were in the U.S. Virgin Islands. Moreover, the 2008 Policy does not evidence that the policy was underwritten to insure losses in the U.S. Virgin Islands. Accordingly, the 2008 Policy does not provide a basis for this Court to find that it has personal jurisdiction over the Defendant.

### b.      Email dated July 26, 2007

Putting aside that this email was sent after the 2007 Policy at issue was effective, the email and attachments relied on by the Plaintiffs do not establish personal jurisdiction over the Defendant. First, contrary to the Plaintiffs' assertion, nowhere in the email does it say that Crosstech and CRS VI have earned $9 million dollars "**in the U.S. Virgin Islands** . . .." *Compare* [DE 99], at p. 7., *with* [DE 60-1], at p. 35. The email only states: "[O]ur records show we spent over $9 million with Crosstech in 2006." Absolutely nothing in this email can be reasonably interpreted to suggest that the insured had business operations in the U.S. Virgin Islands.

Additionally, the attachments to this email do not suggest that there are business operations in the U.S. Virgin Islands. Instead, as with the insurance policies, a business address in Richardson, Texas is listed for the insured. *See* [DE 60-1], p. 37. Plaintiffs also rely on a document entitled

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 8

"Employee Orientation." *See* [DE 99], pp. 11-12; *see also* [DE 60-1], pp. 45-58. Nothing in this document, however, suggests that there are business operations in the U.S. Virgin Islands—and Plaintiffs make no attempt to argue that it does.

Finally, Plaintiffs identify an email from a HOVENSA employee to the insured that was forwarded to Crump, and the forwarded email lists phone numbers with a "340" area code that is a Virgin Islands area code. *See* [DE 99], at p. 14. This document is insufficient to confer personal jurisdiction over the Defendant. First, as wholesaler insurance brokers, Crump and CRC do not deal directly with the insured, much less the business entity (here, HOVENSA) which the insured does business with. Second, this email does not evidence that Crump or CRC transacted any business in the U.S. Virgin Islands, contracted to supply services or things in the U.S. Virgin Islands, or contracted to insure any person, property, or risk located within the U.S. Virgin Islands in order to establish personal jurisdiction under the Virgin Islands Long-Arm Statute.

Accordingly, this Court should reject Plaintiffs' argument that Exhibit 1 establishes personal jurisdiction over the Defendant.

## 2.   Plaintiffs' Exhibit 2 – CRC Group Overview

Other than listing it as evidence that supports this Court finding that it has jurisdiction over Defendant, *see* [DE 99], at p. 6, Plaintiffs make no attempt to explain how Exhibit 2—a CRC Group Overview—confers personal jurisdiction. This document states that CRC Group is a "wholesale specialty insurance distributor **in North America** with . . . offices across the United States and Canada . . .." [DE 60-2], at p. 1 (emphasis added). This is consistent with the evidence that CRC and Crump, during all material times, did not conduct business in the U.S. Virgin Islands—which is in the Caribbean Sea, not North America. Accordingly, Plaintiffs' Objection as it relates to this evidence should be overruled.

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins.  et al.*, Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 9

3. **Plaintiffs' Exhibit 6 – Deposition Transcript of Neil Kessler**

Plaintiffs argues that the Magistrate Judge erred in not considering certain testimony of Neil Kessler. *See* [DE 99], at pp. 7-13. Plaintiffs either misstates or mischaracterizes Mr. Kessler's testimony, or the testimony does not rise to the level of meeting the Plaintiffs' burden to establish personal jurisdiction.

a. **Misstated Testimony**

First, Plaintiffs misstate that Mr. Kessler testified that he was "'unaware' of whether CRC had licenses to do business in any [U.S.] territories." *Id.*, at p. 7 (citing [DE 60-6], 12:15-13:2). The question, however, was: "Does CRC have a license to do business in any territories of the United States?" and Mr. Kessler's answer was: "I'm not aware of any licenses in any territories of the United States." [DE 60-6], 12:15-13:2.  Nonetheless, even if the testimony was as Plaintiffs state, it does not assist Plaintiffs in meeting their burden to establish personal jurisdiction over Defendant.

Second, Plaintiffs argue that Mr. Kessler did not "know the particular entities that were part of the application for insurance." [DE 99], at p. 8 (citing [DE 60-6], 15:14-15). Mr. Kessler, however, explained CRC's role as a wholesale insurance broker in distributing insurance products to a retail insurance agent, and offered to look up the particular entities involved in the procurement of the insurance policy at issue. [DE 60-6], 13:3-15:18. In response, Plaintiffs' counsel stated: "No that's fine. We will just go to the exhibit." *Id.*, 15:17-18. Therefore, to the extent that Plaintiffs are insinuating that information was not provided during jurisdictional discovery, this information was available in the documents produced.

b. **Other Testimony Relied on by Plaintiffs Does Not Establish Personal Jurisdiction**

Plaintiffs takes issue with the fact that at the time the insurance policy at issue was

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins.  et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 10

procured, CRC "did not require more information about the nature of a potential insured's business, other than a one-sentence description." [DE 99], at p. 8 (citing [DE 60-6], 20:17-22). Next, Plaintiffs note that Mr. Kessler admitted that CRC would need to know where the insured was doing business in order to review the proper markets that were writing coverage where the potential insured was conducting business. *Id.*, (citing [DE 60-6], 22:8-13). Plaintiffs make no attempt to explain why this testimony confers personal jurisdiction. And, as to the second point that CRC would need to know where the potential insured was conducting business—this information was provided by Crosstech in 2017 (and CRS VI in 2018), and all evidence reflects that Crump was informed that the business operations for both Crosstech and CRS VI were in Texas. *See* [DE 56-5], Application for the Policy at issue reflecting applicant as Crosstech Boiler Services, LP with an address in Richardson, Texas as the premises of its business); [DE 56-6], CRC_000274 (email from insured's insurance agent confirming that the business only had one location in Richardson, Texas); [DE 56-7] (Schedule of Operations listing only a Texas address for insured's business operations).

Additionally, Plaintiffs point to Mr. Kessler's testimony concerning the email dated July 26, 2007 (part of Exhibit 1 discussed above) and the request to change the name of the insured to CRS VI after the underlying accident occurred. *See* [DE 99], pp. 8-9. The arguments above are incorporated herein. Simply put, these documents do not evidence that Crosstech (or CRS VI) had business operations in the U.S. Virgin Islands or otherwise evidence that Crump or CRC transacted any business in the U.S. Virgin Islands, contracted to supply services or things in the U.S. Virgin Islands, or contracted to insure any person, property, or risk located within the U.S. Virgin Islands in order to establish personal jurisdiction under the Virgin Islands Long-Arm Statute.

Plaintiffs also identify Mr. Kessler's testimony that neither Crump nor CRC had

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 11

prohibitions or restrictions to conduct business in the U.S. Virgin Islands. *See* [DE 99], pp. 8-10. While it is not clear, it appears that Plaintiffs are arguing that because Defendant did not have prohibitions or restrictions to doing business in the U.S. Virgin Islands, this fact confers personal jurisdiction over the Defendant. This, however, is not the standard. It is Plaintiffs' burden to prove that Crump's or CRC's conduct falls within one of the categories of the Virgin Islands Long-Arm Statute. Plaintiffs' position would mean that any corporate entity could subject itself to personal jurisdiction, anywhere in the world, if it did not have policies restricting and prohibiting where it conducts its business. There is no authority to support such a conclusion.

In summary, Plaintiffs have not identified any evidence that creates a factual dispute as to whether CRC's or Crump's conduct fall within the Virgin Islands Long-Arm Statute in order to confer personal jurisdiction over the Defendant. To the contrary, all the evidence establishes that at no time was Crump made aware that Crosstech (and later CRS VI) had business operations in the U.S. Virgin Islands or were procuring insurance for losses sustained in the U.S. Virgin Islands. Accordingly, the Magistrate Judge correctly found that Plaintiffs' contention that CRC/Crump knew that Crosstech had business operations in the Virgin Islands was simply unsupported argument. Therefore, Plaintiffs did not meet their burden of establishing a prima facie case of jurisdiction.

**E.      Plaintiffs' Objections that the Magistrate Judge Erred When He Inferred that HOVENSA Needed to be Described for CRC to Understand it Was a Virgin Islands Corporation**

The Magistrate Judge determined whether Plaintiffs could establish jurisdiction under the Virgin Islands long-arm statute sections 5 V.I.C. §§ 4903(a)(1), (a)(2), and (a)(6). With respect to the documentary evidence reflecting that CRS VI did business with HOVENSA, [DE 60-1], p. 35, the Magistrate Judge only considered this documentary evidence in its analysis of whether personal

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins.  et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 12

jurisdiction was established under 5 V.I.C. § 4903(a)(2). In turn, in order to fall within 5 V.I.C. § 4903(a)(2), Plaintiffs must establish that Crump "contract[ed] to supply services or things" in the U.S. Virgin Islands. 5 V.I.C. § 4903(a)(2). Again, Crump, as a wholesale insurance broker, did not deal directly with the insured—Crosstech (or later CRS VI). *See* [DE 56-1]; *see also* [DE 60-6], Kessler Dep. Tr., at 13:3-14:11. Instead, Crump was dealing directly with the insurance agent, a Texas entity. Nonetheless, putting aside that Crump did not offer its services to any insured, anywhere, Crump much less contracted to offer services to HOVENSA. Moreover, Plaintiffs have not submitted any evidence to support that Crump knew at the time that HOVENSA was a U.S. Virgin Islands entity or that the services offered by the insured to HOVENSA were for operations in the U.S. Virgin Islands.

### F.  Plaintiffs' Objection that the Magistrate Judge Erred When he Failed to Discuss and Determine the Standard of Proof

Defendant does not dispute that, **if there were factual disputes**, the standard of proof in that instance would be a preponderance of the evidence. However, as discussed above in Sections II.C and II.D, there were no factual disputes and, thus, no evidentiary hearing was required. Because there were no factual disputes, the Magistrate Judge did not engage in weighing of the evidence such that the burden of proof would need to be discussed and determined.  For this reason, Plaintiffs' objection that the Magistrate Judge erred by not discussing or determining the standard of proof should be overruled.

## III.  CONCLUSION

For all the above reasons, and the reasons asserted in the Defendant's Memorandum in Support of its Renewed Motion to Dismiss [DE 56] and Reply in support of same [DE 65], the Defendant respectfully requests that the Court overrule the Plaintiffs' Objections to the Magistrate Judge's Recommendation and Report, accept and adopt the Magistrate Judge's Report and

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins.  et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 13

Recommendation, and grant the Defendant such other and further relief as the Court finds just and

proper.

Respectfully submitted,

**Beckstedt & Kuczynski LLP**
Attorneys for CRC Insurance Services, Inc.
2162 Church Street
Christiansted, VI 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: March 23, 2023          By:   /s/ Robert J. Kuczynski
                                     Robert J. Kuczynski, Esq.
                                     Virgin Islands Bar No. 1260
                                     Robb@BeckstedtLaw.com

                                     **GRAYROBINSON, P.A.**
                                     333 SE 2nd Avenue, Suite 3200
                                     Miami, Florida 33131
                                     (305) 416-6880
                                     (305) 416-6887 (fax)

                                     /s/ David S. Hendrix
                                     David S. Hendrix, Esq. (admitted pro hac)
                                     Florida Bar No. 827053
                                     David.Hendrix@gray-robinson.com
                                     Veronica A. Meza, Esq. (admitted pro hac)
                                     Florida Bar No.  0086151
                                     Veronica.meza@gray-robinson.com

#49847176 v1