**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| CONSTANCE ALEXANDER, PETULA ALEXANDER, and DINORAH WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>STEADFAST INSURANCE COMPANY (STEADFAST), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES,<br><br>Defendants. | CASE NO. 1:20-cv-00038<br><br>ACTION FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE TO THE PLAINTIFFS' OBJECTION AND APPEAL OF
MAGISTRATE'S ORDER STAYING DISCOVERY**

The Defendant, CRC Insurance Services, Inc., incorrectly named as "CRC SCU f/k/a Crump Ins. Services" (hereinafter "CRC"), pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and LRCi. 72.2 and 72.4, responds in opposition to the Plaintiffs', Constance Alexander, Petula Alexander and Dinorah Williams (collectively, "Plaintiffs"), Objections ("Objections") and Appeal of Magistrate's Order Staying Discovery of Magistrate Judge Emile A. Henderson III [DE 102] dated March 2, 2023 (the "Order Staying Discovery"). As more fully set forth in the memorandum below, the Court should overrule the Plaintiffs' Objections, and affirm the Order Staying Discovery.

I.    **INTRODUCTION**

On this Court's review of the Magistrate Judge's non-dispositive Order Staying Discovery, the Plaintiffs have the burden of showing that a Magistrate Judge's finding was "clearly erroneous." In ruling on, the Motion to Stay Discovery, the Magistrate Judge had to weigh four factors: (1) prejudice to Plaintiffs if stay was granted; (2) hardship or inequity to CRC if the stay

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 2

is not granted; (3) whether the stay would simplify the issues and the trial; and (4) whether

discovery is complete and/or a trial is scheduled. The Magistrate Judge correctly found that all

four factors weighed in favor of granting the stay.

Plaintiffs object to the Order Staying Discovery arguing that they will be prejudiced. Yet,

as the Court noted, other than raising propositions of law, Plaintiffs did not explain **how** they in

this case would be prejudiced by a stay considering that the events at issue occurred more than 16

years ago. In addition, Plaintiffs raise new arguments, for the first time in their Objections, that

documents may be lost or destroyed. This is mere speculation, and does not support that the

Magistrate Judge's finding on the first factor was clearly erroneous. Next, in arguing that there

would be no hardship or inequity to CRC, Plaintiffs completely ignore that by engaging in

discovery CRC would risk waiving its defense of lack of personal jurisdiction. As to the third

factor, the only objection raised by Plaintiffs is that the Magistrate Judge erred in considering the

merits of the Motion to Dismiss first and making a recommendation to the district judge to grant

the motion to dismiss. However, the case law authority relied on by the Plaintiffs to take this

position does not stand for the proposition that a Magistrate Judge cannot consider the merits of

the underlying motion to dismiss prior to ruling on a motion to stay discovery. Finally, Plaintiffs

raise no objection to the fourth factor.

Simply put, the Plaintiffs have not met their heavy burden of showing that the Magistrate

Judge's findings in support of his ruling were clearly erroneous. Therefore, Plaintiffs' Objections

to the Order Staying Discovery should be overruled, and the Court should affirm the Magistrate

Judge's ruling.

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 3

## II.   LEGAL ARGUMENT

### A.   Standard for Review of Objections to Non-Dispositive Orders

Pursuant to LRCi 72.2 "[a] party who objects to a Magistrate Judge's order concerning a non-dispositive matter shall file a notice of objection which shall specifically designate the order or party thereof objected to and the basis for the objection." Moreover, Fed. R. Civ. P. 72(a), which governs review of a magistrate judge's non-dispositive order, states: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a).

A finding is clearly erroneous "'when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L. Ed. 746 (1948). "[A] ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Textron Fin.-New Jersey, Inc. v. Herring Land Group, LLC.*, CV 06-2585 (MLC), 2008 WL 11382030, at *1 (D.N.J. Sept. 16, 2008) (*Gunter v. Ridgewood Energy Corp.*, 32 F.Supp.2d 162, 164 (D.N.J. 1998)).

### B.   Standard for Review of Motion to Stay Discovery

Rule 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). It is well settled that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 4

even balance." *Landis v. North Am. Co*., 299 U.S. 248, 254-55 (1936). Matters of docket control

and the conduct of discovery have long been "committed to the sound discretion of the district

court," *In re Fine Paper Antitrust Litig*., 685 F.2d 810, 817 (3d Cir. 1982), including whether to

stay discovery, *Ferguson, USAA Gen. Indem. Co.*, 334 F.R.D. 407, 209 (M.D. Pa. 2019) (citing,

inter alia, *In re Orthopedic Bone Screw Prod. Liab. Litig*., 264 F.3d 344, 365 (3d Cir. 2001)). That

discretion extends to decisions by U.S. Magistrate Judges. *See Harman v. Datte*, 427 F. App'x

240, 243 (3d Cir. 2011) (finding that magistrate judge did not abuse his discretion in staying

discovery pending review of motions to dismiss the complaint).

In the Third Circuit, when deciding whether to exercise discretion to grant a stay of

discovery after a dispositive motion has been filed, courts weigh four considerations:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage
> to the non-moving party; (2) whether denial of the stay would create a clear case of
> hardship or inequity for the moving party; (3) whether a stay would simplify the
> issues and the trial of the case; and (4) whether discovery is complete and/or a trial
> date has been set.

*Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019) (internal

quotations omitted); *see also Vitalis v. Crowley Caribbean Servs*., LLC, No. 20-cv-00020, 2021

WL 4494192, at *1 (D.V.I. Sept. 30, 2021).

### C.     A Stay Would Not be Unduly Prejudicial to the Plaintiffs

Plaintiffs contend that the Magistrate Judge erred when he found that Plaintiffs would not

be unduly prejudiced by a stay. Relying on *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330,

332 (D.N.J. 2019), Plaintiffs complain that they will be prejudiced because of "fading memories

of witness." [DE 102], at p. 6. But, as noted by the Magistrate Judge, Plaintiffs failed to "explain

how [the proposition in *Udeen*] might impact the evidence here, which is partially based on events

that occurred more than a decade and a half ago." [DE 97], p. 13. Additionally, for the first time

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 5

in the Objection, Plaintiffs speculate that CRC "have likely given documentary evidence to their

counsel to hold in this matter" and that such documents could be "easily lost or destroyed" by

"Acts of God." [DE 102], at p. 6. This is mere speculation. Next, Plaintiffs complain, for the first

time, that people may die, relocate or move out of the country. *Id.* First, CRC is an entity that, for

purposes of discovery, will be relying on business records. Second, as noted in CRC's Motion to

Dismiss and evidence in support, CRC has never had business operations in the Virgin Islands

and, thus, no witnesses would be relocating or moving away from the Virgin Islands. In other

words, assuming arguendo that the motion to dismiss were not granted and discovery of the merits

commenced, Plaintiffs would be deposing individuals Stateside.

**D.       CRC Made a Clear Case of Hardship and Inequity if Discovery is Permitted**

Plaintiffs completely ignore CRC's argument that engaging in discovery of the merits

would present a hardship because courts have found that a party may waive its challenge to

personal jurisdiction. *See* [DE 97], at pp. 14-16 (Magistrate Judge acknowledging CRC's argument

of waiver of its lack of personal jurisdiction defense). It was in this context (i.e., waiver of lack of

personal jurisdiction defense), that the Magistrate Judge considered its Report and

Recommendation recommending that the district court grant the motion to dismiss. In this regard,

the Magistrate Judge correctly found that CRC would be harmed if ordered to engage in discovery,

and that it would be unfair to subject CRC to discovery. *Id.* (relying on *Mosler v. Cairns*, 2022

WL 3370731, at *7 (D.V.I. Aug. 16, 2022)).

Plaintiffs also complain that it was improper for the Magistrate Judge to conduct a full

review of CRC's Motion to Dismiss on the merits. [DE 102], at pp. 7-. The Plaintiffs, however,

does not cite to any supporting case law authority to support this proposition.

Finally, Plaintiffs argue that CRC's "Motion to Dismiss isn't even dispositive because it is

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 6

based on personal jurisdiction and the matter can and will be brought against CRC in a different

jurisdiction . . ..." *Id.* Plaintiff's assertion is wrong. The Motion to Dismiss is dispositive as to CRC.

That Plaintiffs may bring an action in **another jurisdiction**, does not render the dismissal in this

jurisdiction any less dispositive. And, this argument misses the point. If CRC engages in discovery

**in this jurisdiction**, it waives its defense.

For these reasons, the Magistrate Judge's finding that there was a clear case of hardship or

inequity for CRC was correct, and Plaintiffs' objections should be overruled.

### E.     A Stay Would Simplify the Issues and the Trial of the Case

The Magistrate Judge determined that this factor weighed in favor of CRC because of the

Magistrate Judge's Report and Recommendation on CRC's Motion to Dismiss. In so doing, the

Magistrate Judge noted that he did not only engage in a "preliminary peek" but a "thorough merits

analysis of the issues" on CRC's Motion to Dismiss. [DE 97], at p. 16. Plaintiffs object on one

ground—they contend that it was improper for the Magistrate Judge to "review the Motion to

Dismiss on the merits when making a determination on the Motion to Stay." [DE 102], at pp. 7-8.

In support of this contention, Plaintiffs cites to *Weeks v. Leeward Islands Apothecaries, LLC*, 1:09-

cv-50, 2010 WL 2160281, at *1 (D.V.I. May 26, 2010). Nothing in the opinion in *Weeks* on the

motion to stay pending there stands for the proposition that Plaintiffs are advancing—that is, that

a Magistrate Judge cannot, as was done here, perform a thorough merits analysis on the issues on

a dispositive motion to dismiss before ruling on a motion to stay discovery.  Instead, the *Weeks*

Court recognized, "a district court has broad discretion 'to stay discovery until preliminary

questions that may dispose of the case are determined.'" *Weeks*, 2010 WL 2160281, at *1.

### F.     No Objection to Any Findings as to the Fourth Factor

Plaintiffs do not object to any of the Magistrate Judge's findings as to the fourth factor, but

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins.  et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 7

merely argues that this "factor alone is not enough to outweigh the prejudice to the Plaintiff."  [DE

102], at p. 8.

### III.    CONCLUSION

Plaintiffs have not raised any objection to the Order Staying Discovery to support that any

finding by the Magistrate Judge was clearly erroneous or that the ruling was contrary to law.

Accordingly, for all the above reasons, and the reasons asserted in the Defendant's Memorandum

in Support of its Motion to Stay [DE 88] and Reply in support of same [DE 90], the Defendant

respectfully requests that the Court overrule the Plaintiffs' Objections to the Magistrate Judge's

Order Staying Discovery, affirm the Magistrate Judge's ruling, and grant the Defendant such other

and further relief as the Court finds just and proper.

Respectfully submitted,

**Beckstedt & Kuczynski LLP**
Attorneys for CRC Insurance Services, Inc.
2162 Church Street
Christiansted, VI 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: March 29, 2023          By:   /s/ Robert J. Kuczynski
Robert J. Kuczynski, Esq.
Virgin Islands Bar No. 1260
Robb@BeckstedtLaw.com

*Constance Alexander, et al., v. CRC SCU f/k/a Crump Ins.  et al.,* Case No. 1:20-cv-00038
Defendant's Response to Plaintiffs' Objections to March 9, 2023 Report and Recommendations
Page 8

**GRAYROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
(305) 416-6880
(305) 416-6887 (fax)

/s/ David S. Hendrix
David S. Hendrix, Esq. (admitted pro hac)
Florida Bar No. 827053
David.Hendrix@gray-robinson.com
Veronica A. Meza, Esq. (admitted pro hac)
Florida Bar No.  0086151
Veronica.meza@gray-robinson.com