| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

JAMES CODRINGTON, as Assignee
of the rights of Crosstech VI, Inc.,
TOM CROSSLAND, EDWIN CORREA,

                    **Plaintiffs,**                        **1:19-cv-00026-MEM-EAH**

       **v.**

STEADFAST INSURANCE COMPANY,
and DEEP SOUTH SURPLUS OF TEXAS,

                    **Defendants.**
_____

CONSTANCE ALEXANDER, DINORAH
WILLIAMS, and PETULA ALEXANDER,

                    **Plaintiffs,**                        **1:20-cv-00038-MEM-EAH**

       **v.**

STEADFAST INSURANCE CO. and
DEEP SOUTH SURPLUS OF TEXAS,

                    **Defendants.**
_____

TO:    **Lee J. Rohn, Esq.**
       **Mark Wilczynski, Esq.**

## <u>ORDER SETTING INITIAL CONFERENCE</u>

      **THIS MATTER** comes before the Court sua sponte, following the District Court

having adopted this Court's Report & Recommendations in their entirety, overruling

Plaintiffs' objections to the R&R, dismissing Defendant CRC SCU from both actions, and

remanding to this Court for all pre-trial matters. Dkt. No. 203 in *Codrington v. Steadfast*, 1:19-

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
*Codrington v. Steadfast Insurance Co.*
1:19-cv-00026-MEM-EAH
Order
Page 2

cv-00026, Dkt. No. 109 in *Alexander v. Steadfast*, 1:20-cv-00038. In addition, the district court dismissed as moot Plaintiffs' objections and appeals of this Court's Orders granting CRC SCU's motion to stay. Dkt. No. 204 in *Codrington v. Steadfast*, 1:19-cv-00026, Dkt. No. 111 in *Alexander v. Steadfast*, 1:20-cv-00038. While both *Codrington* and *Alexander* have not been formally consolidated, the parties consented to consolidate these matters for discovery purposes, given the factual and legal similarities between the two cases.

The Court will schedule an initial conference in *Codrington* and a continued initial conference in *Alexander* in order to move both cases forward in tandem, now that the motion to dismiss Defendant CRC SCU has been resolved. While the Plaintiffs have engaged in some discovery with the remaining Defendant, Steadfast Insurance Co. ("Steadfast"), this Order is directed to coordinate case management to move the cases forward to resolution. In addition, the Court will grant Steadfast's motion to continue trial, filed in *Alexander v. Steadfast*, Dkt. No. 107, which asked the Court to essentially continue the deadlines set in the June 2022 scheduling order in that case, Dkt. No. 67, given that the deadlines have since passed or are otherwise imminent.  Plaintiff filed a Notice of No Objection. Dkt. No. 110.

Accordingly, it is now hereby **ORDERED:**

1.      An Initial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure is scheduled in the above-captioned matter for **Friday, June 2, 2023**, at **11:00 a.m.** in **STX Courtroom 3**, before the U.S. Magistrate Judge.  All counsel shall appear **in person**.

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
*Codrington v. Steadfast Insurance Co.*
1:19-cv-00026-MEM-EAH
Order
Page 3

2.  The parties shall exchange Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedures, to the extent they have not done so already, no later than **April 28, 2023**.

3.  As soon as practicable following the exchange of Initial Disclosures, but no later than **May 5, 2023**, the parties shall confer pursuant to Rule 26(f)(1) and (2) of the Federal Rules of Civil Procedure.

4.  **Each party** shall file with the Court a **Discovery Memorandum**, pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules of Civil Procedure, on or before **May 25, 2023**.

5.  In compliance with the requirements set forth in Federal Rules of Civil Procedure Rule 26(f)(3) and Local Rules of Civil Procedure Rule 16.1, each party's **Discovery Memorandum** shall include:

    a.  a brief statement of the facts underlying the claims or defenses in the action and the legal issues in the case;

    b.  a description of all discovery conducted by the party to date;

    c.  a description of all discovery problems encountered to date, the efforts undertaken by the party to remedy these problems, and the party's suggested resolution of the problems;

    d.  a description of the party's further discovery needs, including any special needs (e.g., videotape or telephone depositions, problems

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
*Codrington v. Steadfast Insurance Co.*
1:19-cv-00026-MEM-EAH
Order
Page 4

presented by off-island witnesses or documents, etc.), the subjects on which and amount of discovery needed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

e.   the party's estimate of the time needed to complete discovery and a proposed deadline for completion of factual discovery;

f.   any issues regarding disclosure, discovery, or preservation of electronically stored information (ESI), including the form or forms in which it should be produced;

g.   any issues regarding claims of privilege or of protection as trial-preparation materials;

h.   a statement regarding whether expert testimony will be necessary, including the number of experts and subject areas anticipated, the party's anticipated schedule for retention of experts and submission of their reports, and proposed expert deadlines, including completion of expert depositions;

i.   a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reason the limitation is sought;

j.   a statement regarding whether the parties believe that the case may be susceptible to resolution through mediation;

*Alexander v. Steadfast Insurance Co.*
1:20-cv-00038-MEM-EAH
*Codrington v. Steadfast Insurance Co.*
1:19-cv-00026-MEM-EAH
Order
Page 5

      k.  proposed deadlines for: the joinder of additional parties; amendments to the pleadings; and any further mediation conferences pursuant to LRCi 3.2;

      l.  an estimate of the trial time needed; and,

      m.  any other issues that the party deems relevant or helpful in considering and establishing the Scheduling Order; and

      n.  any known areas of disagreement between the parties in the areas covered by the Discovery Memorandum.

6.    It is further **ORDERED** that Steadfast's Motion to Continue Trial, Dkt. No. 107, filed in *Alexander v. Steadfast*, is **GRANTED**.

ENTER:

Dated: April 19, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE