IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| CONSTANCE ALEXANDER, *et al.* ) ) Plaintiff, ) ) v. ) ) STEADFAST INSURANCE COMPANY, ) *et al.*, ) ) Defendants. ) | CASE NO. 1:20-CV-00038 JURY TRIAL DEMANDED |

DISCOVERY MEMORANDUM, REPORT ON PARTIES' RULE 26(f) CONFERENCE AND PROPOSED SCHEDULING PLAN

Pursuant to Fed. R. Civ. P. 26(f), Plaintiffs Constance Alexander, Petula Alexander, and Dinorah Williams, as Assignees of the rights of Crosstech VI, Inc., and Pedro Vega, and Defendants STEADFAST INSURANCE COMPANY (STEADFAST), through their undersigned counsel, submit the following Discovery Memorandum, Report on the Parties' Rule 26(f) Conference and Proposed Scheduling Plan and show the Court as follows:

1. **Participants.** Pursuant to Fed. R. Civ. P. 26(f), counsel for the Plaintiffs and counsel for Defendants participated in a Rule 26(f) conference.

2. **Initial Disclosures.** The parties will exchange initial disclosures pursuant to Rule 26(a)(1) no later than **June 30, 2023.**

3. **Statement of the Facts Underlying the Claims and Defenses**

**Plaintiff:** Plaintiffs CONSTANCE ALEXANDER and PETULA ALEXANDER and DINORAH WILLIAMS, are residents of St. Croix, United States Virgin Islands and are the assignee of claims from Crosstech VI, Inc. a resident corporation of the U.S. Virgin Islands. Defendant STEADFAST INSURANCE COMPANY (STEADFAST) is an insurance company writer in Delaware. Plaintiffs, as Assignees of the rights of Crosstech VI, Inc., and Pedro Vega, bring this action

Alexander, et al. vs Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Discovery Memorandum, Report on Parties' Rule 26(f) Conference
And Proposed Scheduling Plan

against the Defendant for Declaratory Judgment, Breach of the Duty of Good Faith, Equity and Honesty Pursuant to 22 V.I.C. 1 & 2, Breach of Contract, Fraud, Bad Faith Denial, Negligent Underwriting, and Negligent and/or Intentional Misrepresentation. The action stems from an automobile accident involving Plaintiffs, wherein the taxi vehicle they were traveling in was struck by Pedro Vega who was working for Crosstech VI, Inc., at the time of the accident. The Defendant insured Crosstech VI, Inc., and thereby Vega under a theory of respondent superior. Defendant denied coverage to Crosstech VI, Inc., and Vega. As a result, Crosstech VI, Inc. and Vega, entered into a Consent Judgment with Plaintiffs as well as an Assignment and Agreement not to Execute, in the amount of 1,000,000.00. Plaintiffs now stand in the shoes of Crosstech VI, Inc., and Vega as Assignees, which was not conferred upon them until July of 2018.

**Defendant:** Steadfast Insurance Company is incorporated in Dover, Delaware with a principal place of Business in Schaumburg, Illinois. Steadfast issued the General Liability Insurance Policy at issue in this matter. The first named insured under the policy is Crosstech Boiler Services, LP, a company incorporated in Texas with a principal place of business in Texas. Crosstech V.I., Inc. is a business entity affiliated with Crosstech Boiler Services, LP and is incorporated in the Virgin Islands with a principal place of business in St. Croix. The owner of both Crosstech entities is Assignor Tom Crossland who is a resident of the State of Texas. Assignor Pedro Vega is a resident of the Virgin Islands, and Assignees/plaintiffs are residents of Florida.

The incident underlying the present action was an automobile accident in March, 2007. In the accident, Pedro Vega (allegedly while working as an employee for Crosstech V.I., Inc.), drove a Crosstech V.I., Inc. vehicle through a stop sign and collided with an automobile in which the three named plaintiffs were driving. The plaintiffs brought suit

2

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Discovery Memorandum, Report on Parties' Rule 26(f) Conference
And Proposed Scheduling Plan

against Crosstech, V.I., Inc. and Pedro Vega and sought to recover damages allegedly suffered as a result of the automobile accident.

The General Liability Policy between Steadfast and Crosstech Boiler Services LP requires that notice of an occurrence must be reasonably provided to the Insurer. According to Steadfast Policy # SCO5918338 01, Endorsement #4 the Insured had a duty to provide Steadfast written "notice of any 'occurrence' or offense that might reasonably give rise to a claim or potential claim, alone or in combination with other claims or potential claims, or if a claim or 'suit' is brought against any insured…within 15 days or as soon as is reasonably practicable thereafter." (Steadfast policy, Endorsement #4, which deleted and replaced section IV(2) of the policy). At no time prior to the filing of this present action did Plaintiff, Mr. Vega, Crosstech Boiler Services LP, Tom Crossland, or anyone else put Steadfast on notice of a potential claim or occurrence related to the automobile accident. Crosstech V.I., Inc.'s own attorney, Douglas Capdeville, Esq., testified under oath that he never tendered the underlying claim(s) to Steadfast. Further, under section IV(3)(b) of the Policy, "No person or organization has a right under this policy…to sue us on this policy unless all of its terms have been fully complied with."

The General Liability policy contract between Steadfast and Crosstech Boiler Services LP also has a clear and unambiguous exclusion from coverage for damages related to the operation of automobiles, such as the underlying automobile accident involving the Plaintiffs and assignor, Vega. The Policy has clear and unambiguous language requiring that notice of a claim or suit be provided in writing to Steadfast. No

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Discovery Memorandum, Report on Parties' Rule 26(f) Conference
And Proposed Scheduling Plan

such notice was ever provided to Steadfast and, even if it were, the automobile exclusion would apply to provide justifiable grounds for denial of the claims.

Crosstech V.I., Inc. then settled the claims of Plaintiffs for a $1,000,000 Consent Judgment, an agreement not to execute said judgment and a purported transfer of Crosstech's, Crossland's and Vega's rights under the Steadfast General Liability Policy to Plaintiffs. Steadfast answered all claims in Plaintiffs' complaint by asserting and preserving all affirmative defenses, including that the claims sounding in Tort, having been assigned to Plaintiff in 2018, ten (10) years after the accident at issue, are well beyond the Virgin Islands two-year Statute of Limitations for torts at 5 V.I.C. 31(5)(A), and no facts exist to support tolling of the statute.

<u>Defendant identifies the following legal issues</u>: Are Plaintiffs' claims barred by the applicable Virgin Islands Statute of Limitations? Was the purported assignment of rights valid and enforceable? Was Plaintiffs' failure to tender the claims to Steadfast fatal to their claims of insurer bad faith? Can Plaintiffs prove the elements necessary for their claims of fraud, and negligent or intentional misrepresentation? Which laws govern Plaintiffs' claims; those of Texas, Illinois, the United States Virgin Islands or Florida? Can different questions in this case be governed by laws of different forums?

4. **Motions to Amend Pleadings and Joinder of Parties.**

(a) The parties agree that any additional parties shall be joined by **July 31, 2023**; and

(b) All motions for leave to amend pleadings shall be filed by **October 31, 2023**.

4

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Discovery Memorandum, Report on Parties' Rule 26(f) Conference
 And Proposed Scheduling Plan

    5.    **Discovery Plan.**

    (a)    The parties have completed Jurisdictional Discovery and have exchanged Initial Discovery Disclosures, but no further discovery has yet been conducted. No problems to report in discovery as of the date of this pleading.

    (b)    Discovery may be needed on the following subjects, which are non-exclusive and are not necessarily representative of all potentially relevant issues in this case: Any and all information conveyed by Tom Crossland, his representatives, agents or assigns in the procurement of insurance from any and/or all of the Defendants. What information was provided during the procurement of said insurance policies. What information was conveyed by the Defendants and/or their agents, representative, or assigns to Tom Crossland regarding the insurance policies he sought to obtain for his numerous businesses. The discovery process will involve extensive discovery into each insurance application, review process, approval, and all communications and documentation that went into those processes.

    (i)  The cause(s) of the incident alleged to have occurred;

    (i)  Any damages sustained by Plaintiffs as Assignees, arising from that referenced above including but not limited to past and future medical expenses, past and future lost wages, and any alleged ongoing disabilities or claim for loss of earning capacity;

    (ii)  the facts underlying Plaintiffs' claims as described in the Complaint; and

    (iii)  the facts underlying Defendant's affirmative defenses.

    (c)    *Discovery Phases and Discovery Period.* Plaintiffs and Defendant propose that discovery should be conducted in phases.

    (d)    The proposed timing of the phased discovery is as follows:

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Discovery Memorandum, Report on Parties' Rule 26(f) Conference
 And Proposed Scheduling Plan

Fact discovery shall be completed by **November 30, 2023**. The plaintiff expects to take approximately ten (10) fact depositions. Defendant expects to take no more than ten (10) depositions.

(i) Expert discovery shall be completed by **April 30, 2024**.

(e) *Expert Disclosures and Depositions.* This is an area of disagreement between the parties related to this memo. Plaintiffs anticipate retaining experts, while Defendant believes the application of the coverage exclusion for automobile damage is simple enough that the jury will have no need for expert opinion.

(i) Plaintiffs shall disclose expert witnesses and produce expert reports by **January 15, 2024**. At this time, they anticipate that they will retain experts in the areas of insurance underwriting and policy eligibility determination.

(ii) Defendant shall disclose expert witnesses and produce expert reports by **March 1, 2024**. At this time, Steadfast believes that the General Liability Policy's coverage exclusion of damages related to the operation of automobiles is unambiguous such that expert testimony will not be necessary. However, if discovery turns up matters that would need greater elaboration/explanation for the jury, it will retain expert(s) in the area of policy eligibility determination and/or those in areas comparable to those identified by the Plaintiff.

(iii) Experts disclosed pursuant to (i) and (ii) above shall be deposed by **April 15, 2024.**

(f) *Deposition Limits.* The parties shall be limited to ten (10) depositions per side, but expert witnesses and records custodians shall not be counted toward the ten (10) deposition limit. No further discovery limitations on particular discovery methods are expected to be necessary.

*Interrogatories.* As per Fed. R. Civ. P. 33.

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Discovery Memorandum, Report on Parties' Rule 26(f) Conference
And Proposed Scheduling Plan

*Scheduling and Length of Depositions.* Counsel will cooperate in the scheduling of depositions, including increasing the length of a deposition day or the number of days beyond the period set out in Fed. R. Civ. P. 30(d)(1).

6. **Pre-Trial Deadlines:**

*Pre-Trial Motions (Other than Motions in Limine).* All pre-trial motions (other than motions in limine), including dispositive motions and motions to exclude expert testimony, shall be filed by **June 30, 2024**.

7. **Trial Date and Length of Trial**:

*Trial Date.* The earliest this case reasonably can be expected to be ready for trial is **September 1, 2024**. The parties estimate that the length of time to try this case to verdict, including the selection of a jury, is **5** days.

8. **Other Items Discussed at Rule 26(f) Conference.**

(a) *Settlement.* Plaintiffs have not yet served settlement demands on Defendant, but there is interest in settlement and the parties will continue discussions toward that end as discovery proceeds.

(b) *Referral to Mediation.* The parties agree to mediate this matter on or before **December 15, 2023.**

(c) *Protective Order.* To facilitate the production of confidential documents in this case, the parties will meet and confer regarding a stipulated protective order and submit the same to the Court for consideration.

(d) *Claims of Privilege/Protection.* Pursuant to Fed. R. Civ. P. 26(f)(3)(D), the parties state that they currently do not have, and are not aware, of any issues relating to a claim of privilege or protection as it would pertain to trial preparation materials. The parties request that

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Discovery Memorandum, Report on Parties' Rule 26(f) Conference
 And Proposed Scheduling Plan

the Court's scheduling order provide that the inadvertent or unintentional disclosure of information protected by the attorney-client, work product, or other applicable privileges or protections (a "privilege") shall be governed by the applicable provisions of Fed. R. Civ. P. 26 and Fed. R. Evid. 502, and that such inadvertent production and subsequent claw back shall not constitute a waiver of such privileges.

        (e)    *Electronically Stored Information (ESI).*  The parties have conferred about the discovery of electronically stored information (ESI).  The parties agree that, unless otherwise agreed, responses to discovery requests will be construed to pertain to data reasonably accessible to the parties in the ordinary course of their business or personal lives, including email and all other forms of ESI. It is anticipated that all ESI will be produced in the format in which the party producing it routinely retains it.

        Respectfully submitted,

DATED: May 25, 2023    BY:   /s/ *Jennifer S. Koockogey-Lajoie*
    **Jennifer S. Koockogey-Lajoie, Esquire**
    VI Bar No. R2068
    1108 King Street, Suite 3 (mailing)
    Christiansted, St. Croix
    U.S. Virgin Islands 00820
    Telephone: (340) 778-8855
    jennifer@rohnlaw.com
    Attorney For: PLAINTIFF

DATED: May 25, 2023    BY:   */s/ W. Mark Wilczynski*
    **W. Mark Wilczynski, Esquire**
    Law Office of Mark Wilczynski, Esquire
    Palm Passage Suites C 20-22
    P.O. Box 1150
    St. Thomas, VI  00804
    Email Address: mark@usvilaw.com; carolyn@usvilaw.com; justin@usvilaw.com
    Attorney For: STEADFAST INSURANCE COMPANY