# EXHIBIT A

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CONSTANCE ALEXANDER,** *et al.* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**STEADFAST INSURANCE COMPANY,** )<br>*et al.,* )<br>)<br>Defendants. )<br>_____ ) | CASE NO. 1:20-CV-00038<br><br>**JURY TRIAL DEMANDED** |

### SUBPOENA *DUCES TECUM* (DOCUMENTS ONLY)

**TO:** Crosstech V.I., Inc.
c/o Tom Crossland
President
811 S. Central Expy, Frnt
Richardson, TX  75080-7406

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are hereby subpoenaed to **produce** the documents specified below. This subpoena is being issued by the attorney whose name appears below.  Unless excused by the attorney or the Court, your compliance with this subpoena is required.

**You may comply with this Subpoena by forwarding the requested documents to the attorney shown below no later than 30 days from date of this subpoena.**

The records to be produced are as follows:

- All documents and/or records relating in any way to a lawsuit styled *Constance Alexander, et al v. Pedro Vega and Crosstech V.I., Inc.* SX-07-CV-0322 in which Crosstech V.I., Inc. was a named defendant, including but not limited to:

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Subpoena Duces Tecum

      a. the employment of Pedro Vega;
      b. any automobile, liability, casualty, excess or other insurance policies in effect which provided coverage for or otherwise applied to Crosstech V.I., Inc. at the time of the subject incident of the lawsuit;
      c. insurance claims filed relating to the subject incident of the lawsuit;
      d. any money expended for damages caused by the subject incident of the lawsuit;
      e. the assignment of rights from Crosstech V.I., Inc. to Constance Alexander, Petula Alexander or Dinorah Williams (Plaintiffs in the above-referenced lawsuit);
      f. communications, electronic or recorded in any other way, regarding the lawsuit referenced above; and
      g. Any and all documents relating in any way to the above-referenced lawsuit;
      h. Any and all communications between Crosstech V.I., or anyone acting on its behalf, and Steadfast Insurance Company related to the lawsuit or underlying incident.

The items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by giving legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may produce electronic copies of any documents which are responsive to this subpoena.** You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. **You may email, mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.** *(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (d) and (e) below.)*

**Rule 45 (d) Protecting a Person Subject to a Subpoena; Enforcement.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Subpoena Duces Tecum

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(e) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Subpoena Duces Tecum

received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

DATED: June 30, 2023                     Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ W. Mark Wilczynski
　　　　　　　　　　　　　　　　　　　　**W. MARK WILCZYNSKI, ESQUIRE**
　　　　　　　　　　　　　　　　　　　　Law Office of W. Mark Wilczynski, P.C.
　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant:*
　　　　　　　　　　　　　　　　　　　　 *Steadfast Insurance Company*
　　　　　　　　　　　　　　　　　　　　#48 Kongens – PO Box 1150
　　　　　　　　　　　　　　　　　　　　St. Thomas, Virgin Islands 00804-1150
　　　　　　　　　　　　　　　　　　　　Tel: (340) 774-4547
　　　　　　　　　　　　　　　　　　　　Email: *mark@usvilaw.com*
　　　　　　　　　　　　　　　　　　　　V.I. Bar No. 515

Alexander, et al. vs. Steadfast Insurance Company, et al.
Civil No.: 1:20-CV-00038
Subpoena Duces Tecum

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that on this __30th__ day of June 2023, I caused a true and correct copy of the foregoing **SUBPOENA DUCES TECUM**, to be served via electronic mail on:

**LEE J. ROHN, ESQ.**
**JENNIFER SUE KOOCKOGEY, ESQ.**
1101 Kings Street
Christiansted, St. Croix
U.S Virgin Islands 00820
Emails: *lee@rohnlaw.com*
         *jennifer@rohnlaw.com*
***Attorneys for Plaintiffs***

By: __/s/ w. Mark Wilczynski__