IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF SAINT CROIX

| | |
|---|---|
| CONSTANCE ALEXANDER, DINORAH WILLIAMS, and PETULA ALEXANDER,<br><br>Plaintiffs,<br><br>STEADFAST INSURANCE COMPANY (STEADFAST), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL NO.: 1:20-CV-00038 |

### STIPULATED CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER

Plaintiffs, Constance Alexander, Petula Alexander and Dinorah Williams ("Plaintiffs"), and Defendant Steadfast Insurance Company ("Defendant") by and through undersigned counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, have agreed to the following terms and conditions regarding discovery in this case. This Stipulated Confidentiality Agreement and Agreed Protective Order is limited to pre-trial discovery only. If a party desires documents or information to be sealed from public record, the party must apply to the Court and demonstrate good cause for such action in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. The parties request that the Court approve this Stipulated Confidentiality Agreement and Agreed Protective Order, as follows:

1. **Right to Designate Information as Confidential**

Counsel of record for Plaintiffs or for Defendant may designate as confidential any information (regardless of form) which is produced or furnished voluntarily or in response to any party's discovery request which such counsel in good faith deems confidential and/or trade secret, regardless of who produced or furnished such

Case: 1:20-cv-00038-MEM-EAH   Document #: 147   Filed: 02/01/24   Page 2 of 9

Alexander, et al. v. Steadfast
Civil No. **1:20-CV-00038**
*Stipulated Confidentiality Agreement and Protective Order*
Page 2

information. As used throughout this Confidentiality Agreement and Protective Order, the term "Party" or "Parties" shall refer to Plaintiffs and Defendant in this action.

2. **Definition of Confidential Information**

As used herein, the term "Confidential Information" means information or documents of any kind pertaining to any contract, agreement, medical records, psychiatric, psychological treatment, HIV/AIDS, Sexually Transmitted Disease, Mental Health treatment, substance abuse treatment; any documents of any kind pertaining to any other personal or private information relating to the Parties as well as any other non-public business record, report or information of or regarding the Parties or any affiliated company, records or information relating to the financial statements, financial position, finances, or financial transactions of Parties, records or information relating to the financial position, finances, or financial transactions of non-parties; documents related to the application for, underwriting, procurement, audit, and/or adjustment of any policy of insurance relevant to and/or referenced in this matter; any information or documents considered "trade secret" under federal or Virgin Islands law; or documents of any kind pertaining to any discoverable documentation or information. Confidential Information shall refer to all such designated information whether revealed during a deposition, in a document, or by production of tangible evidence or otherwise.

3. **Identification of Confidential Information or Trade Secret**

Each Party shall designate to the other Parties which materials are considered confidential or trade secret (the "Designating Party"). Information designated as confidential or trade secret shall be identified as such by the words "Confidential – Protective Order," or the like. Such words shall be placed on or affixed to each document and page thereof which contains Confidential Information. When information

Case: 1:20-cv-00038-MEM-EAH   Document #: 147   Filed: 02/01/24   Page 3 of 9

Alexander, et al. v. Steadfast
Civil No. **1:20-CV-00038**
*Stipulated Confidentiality Agreement and Protective Order*
Page 3

not initially designated as confidential is so designated later in writing, each Party shall make a reasonable effort to retrieve documents containing the later designated Confidential Information and otherwise ensure that persons to whom the Confidential Information has been disclosed will treat it as confidential.

4. **Protection of Confidentiality**

Confidential Information and any notes, summaries, memoranda, exhibits, or other documents which include or describe Confidential Information, shall be retained by counsel for the Party to whom disclosure of the Confidential Information was made (the "Recipient Party") and, except as provided in Paragraphs 5 and 6, shall not be disclosed to any person, including the Party represented by that counsel, or used by counsel for any Party other than for purposes of this action. Persons to whom access to Confidential Information or depositions is given pursuant to this Order shall keep such information and any copies, abstracts or summaries thereof secure in accordance with the purposes and intent to this Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use, and non-disclosure including, without limitation, such precautions as protection against unauthorized copying and provision for safekeeping.

5. **Access to Confidential Information**

Persons entitled to have access to Confidential Information produced by another Party shall be restricted to (a) the counsel for each Party who are charged with the responsibility for, or are actively engaged in, preparation for trial or the trial of this action, and employees of such counsel; (b) Plaintiff; (c) Defendants; (d) any representative of the Parties; and (e) expert witnesses of any Party, subject to the requirements of Paragraph 6 below.

Alexander, et al. v. Steadfast
Civil No. **1:20-CV-00038**
*Stipulated Confidentiality Agreement and Protective Order*
Page 4

6. **Expert Witnesses**

In the event that counsel for a Recipient Party believes that it is necessary to disclose any Confidential Information to any Expert Witness who is consulted in the course of preparing for trial, at least ten (10) days prior to making a disclosure to such person or persons, counsel for the Party desiring to do so shall give written notice thereof to opposing counsel, which notice shall identify the person or persons to whom disclosure is to be made and describe the Confidential Information intended to be disclosed to such person or persons.  If the Designating Party objects to disclosure of the specified Confidential Information to such person or persons, it shall notify the Party desiring to make said disclosure of its objection in writing within the ten (10) day period and the Recipient Party shall move the Court within seven (7) days after the Designating Party objects, for a ruling on whether said Confidential Information may be so disclosed.  In the event of such a motion, disclosure of the Confidential Information to such person or persons shall not be made pending the ruling of the Court.

7. **Conditions to Access to Confidential Information**

Before disclosure of Confidential Information is made to any person specified in Paragraphs 5(b) through (d), that person shall first read a copy of this Order, agree to be bound by it and sign an acknowledgement of same. Each Party's counsel shall maintain a list all persons to whom they disclose Confidential Information and shall retain a copy of all Confidentiality Agreements signed by such persons. Upon request by the Designating Party and within five (5) days of such request, the Recipient Party will provide the list of persons and copies of all Confidentiality Agreements to the Court for its *in-camera* inspection.

Alexander, et al. v. Steadfast
Civil No. **1:20-CV-00038**
*Stipulated Confidentiality Agreement and Protective Order*
Page 5

8. **Limitations on Copying**

No copies, summaries or abstracts of Confidential Information shall be made by a Party, or its trial attorneys, for distribution or use by any person other than those described in Paragraph 5 herein, deposition witnesses, and court reporters.

9. **Depositions**

Any deposition or portion thereof during which Confidential Information is being disclosed shall be taken as if *in camera* without any persons in attendance other than those described in Paragraph 5 thereof, the deposition witness, and court reporters.

10. **Confidential Information to be Filed with Court Under Seal**

The portion of the transcript of every deposition and all exhibits, answers to interrogatories and responses to requests for production of documents filed with the Court which contain designated Confidential Information and all portions of all pleadings, motion, briefs, memoranda or other documents filed with the court purporting to reproduce or paraphrase Confidential Information, shall, after application to the Court, be filed electronically under seal or in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "**CONFIDENTIAL - PROTECTIVE ORDER**" and a statement substantially in the following form:

**CONFIDENTIAL**

This envelope contains a deposition transcript, document or information which has been designated as confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its Clerks except by order of the Court, or upon the stipulation of the parties.

Case: 1:20-cv-00038-MEM-EAH   Document #: 147   Filed: 02/01/24   Page 6 of 9

Alexander, et al. v. Steadfast
Civil No. **1:20-CV-00038**
*Stipulated Confidentiality Agreement and Protective Order*
Page 6

The fact that the entire transcript, answers, or response is filed under seal shall not thereby restrict any use which may be made of any part of such transcript, answers, or response not designated as confidential.

If the Recipient Party desires to make Confidential Information a matter of public record by filing such Confidential Information with the Court unsealed, the Recipient Party must notify the Designating Party at least ten (10) days prior to filing any such Confidential Information to allow the designating Party to make application to the Court for sealing the Confidential Information for good cause.

11. **Time for Designation of Confidential Information**

Each Party shall, at the time of the deposition, if possible, but not later than fifteen (15) days following the date of mailing of the deposition transcript, designate those portions of the deposition testimony which it deems to contain Confidential Information.

12. **Dispute as to Confidentiality**

Any Party may contest the confidential status of any information designated as Confidential Information. If a Party disagrees with any designation of any information as confidential, it shall notify counsel for the other Parties and they shall attempt to resolve the dispute by agreement. If the dispute is not so resolved, within twenty (20) days of reaching an impasse on the issue, the contesting party may petition the Court for a ruling on the issue. The contested information shall continue to be kept confidential unless and until the Court rules otherwise in accordance with the Virgin Islands Rules of Civil Procedure. At any hearing to determine the confidential status

Alexander, et al. v. Steadfast
Civil No. **1:20-CV-00038**
*Stipulated Confidentiality Agreement and Protective Order*
Page 7

of any information, the Party designating the information as confidential shall have the burden of showing why such information should be confidential.

13. **Public Information**

Any information which has been designated as confidential and was also legally and properly within the public domain prior to its being designated confidential need not be treated as Confidential Information. However, if such Confidential Information became available to the public as a result of any improper conduct or in violation of any contract or court order, such Confidential Information must still be treated as confidential under this Confidentiality Agreement and Protective Order.

14. **Other Persons**

Each Party reserves the right to oppose on any grounds disclosure of any Confidential Information to persons not designated in Paragraph 5.

15. **Voluntary Waiver**

At any time after any information, document or deposition testimony is designated as Confidential under this Order, the Designating Party may agree in writing that the Confidential Information may be disclosed to designated persons employed by the Recipient Party. Any such agreement must be in writing or by statement made on the record at a deposition or hearing.

16. **Retained Jurisdiction**

The District Court of the Virgin Islands retains jurisdiction to make such amendments, modification and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any

Case: 1:20-cv-00038-MEM-EAH   Document #: 147   Filed: 02/01/24   Page 8 of 9

Alexander, et al. v. Steadfast
Civil No. **1:20-CV-00038**
*Stipulated Confidentiality Agreement and Protective Order*
Page 8

disputes concerning the deposition of materials containing Confidential Information at the termination of this action.

17. **Amendment**

This Order may be amended by the written agreement of counsel for the Parties in the form of a stipulation that shall be approved by the Court and filed herein.

18. **Disposition on Termination of Action**

After the final termination of this action and unless the Parties agree otherwise, each Party shall:

(a) assemble and make available for return to the Designating Party all materials, documents, summaries, computer records, and abstracts containing Confidential Information;

(b) make available for return or destroy every portion of other materials, memoranda or documents purporting to reproduce or paraphrase Confidential Information;

(c) certify in writing that the procedures set forth above have been completed; and

(d) agree not to disclose the substance of any Confidential Information revealed to it by the Designating Party.

Alexander, et al. v. Steadfast
Civil No. **1:20-CV-00038**
*Stipulated Confidentiality Agreement and Protective Order*
Page 9

Respectfully submitted,

DATED: February 1, 2024         /s/ *Justin T. Crocker*_____
**W. MARK WILCZYNSKI, ESQUIRE**
**JUSTIN T. CROCKER, ESQUIRE**
Law Office of W. Mark Wilczynski, P.C.
PO Box 1150
St. Thomas, Virgin Islands 00804-1150
Tel: (340) 774-4547
Emails: Mark@usvilaw.com
Justin@usvilaw.com
V.I. Bar No. 515
V.I. Bar No. R2091
**Attorneys for Defendant: Steadfast Insurance Company**

DATED: February 1, 2024          /s/  *Jennifer S. Koockogey-Lahoie*_____
**LEE J. ROHN, ESQ.**          (With Permission)
**JENNIFER S. KOOCKOGEY-LAJOIE, ESQ.**
Lee J. Rohn and Associates, LLC
1108 Kings Street, Ste.3 (Mailing)
Christiansted, St. Croix
U.S Virgin Islands 00820
Tel: (340) 778-8855
Emails: info@rohnlaw.com
lee@rohnlaw.com
 jennifer@rohnlaw.com
V.I. Bar No. R2068
**Attorneys for Plaintiffs**