**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| CONSTANCE ALEXANDER and PETULA ALEXANDER and DINORAH WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STEADFAST INSURANCE COMPANY (STEADFAST), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES,<br><br>　　　　　　Defendants. | CASE NO. 1:20-CV-38<br><br><br><br><br><u>JURY TRIAL DEMANDED</u> |

### **AMENDED 30(b)(6) NOTICE OF DEPOSITION OF STEADFAST INSURANCE COMPANY**

TO:　　Glenda L. Lake, Clerk of the Court
　　　　District Court of the V.I.

　　　　W. Mark Wilczynski
　　　　Justin Crocker, Esq
　　　　Law Office of W. Mark Wilczynski, P.C.
　　　　Palm Passage Suites C20-22
　　　　P.O. Box 1150
　　　　St. Thomas, VI 00804
　　　　Attorney for Steadfast Insurance Company

　　　　Deserie Hill
　　　　Hill's Reporting Services
　　　　P.O. Box 307501
　　　　St. Thomas, VI 00803
　　　　deshill@msn.com

**LEE J. ROHN AND ASSOCIATES, LLC**
1108 King St, Ste 3
Christiansted, VI 00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**AMENDED NOTICE OF DEPOSITION OF 30B6 STEADFAST INSURANCE COMPANY**
Page 2

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff, by and through undersigned counsel, will take the oral examination of **STEADFAST INSURANCE COMPANY.** Defendant shall designate one or more officers, directors or managing agents who are competent to testify on the company's behalf.

That person(s) who is designated to testify on Defendant's behalf should have knowledge of, but not be limited to, the following:

1. The content of all responses to written discovery and documents produced by Defendant subject to this lawsuit and the underlying lawsuit entitled *Alexander et al, v. Crosstech*, et al, SX-07-CV-322.

2. The facts to support the Defendant's denial of Plaintiff's allegations and which substantiate each of its affirmative defense of personal jurisdiction.

3. The facts to support denial of coverage to Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc in *Alexander et al, v. Crosstech*, et al, SX-07-CV-322.

4. The facts to support denial of defense to Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc in *Alexander et al, v. Crosstech*, et al, SX-07-CV-322.

5. The facts to support refusal to indemnify Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc, upon entry of the Consent Judgement in in *Alexander et al, v. Crosstech*, et al, SX-07-CV-322, in 2018.

6. The identity, by name and last known contact information, of any and all agents and/or employees of Steadfast Insurance Company who were responsible for selecting and issuing insurance coverage for Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc.

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**AMENDED NOTICE OF DEPOSITION OF 30B6 STEADFAST INSURANCE COMPANY**
Page 3

7. The identity, by name and last known contact information, of any and all agents and/or employees of Steadfast Insurance Company who were responsible for denying coverage for Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc. in in *Alexander et al, v. Crosstech*, et al, SX-07-CV-322, at any time from April 1, 2007, to present.

8. The content of all documents, correspondence, notes, memoranda and any other writing of or concerning the incident that is the subject matter of this lawsuit and the underlying lawsuit of *Alexander et al, v. Crosstech*, et al, SX-07-CV-322 related to insurance coverage, claim submissions, reporting claims, defense, indemnity, tender of defense and/or procurement of insurance by Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc. from CRC for any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc., or anyone on their behalf, for the time period of January 1, 2007 to present.

9. Any tests or investigations to determine the cause of the incident referred to in Plaintiff's complaint surrounding the case of *Alexander et al, v. Crosstech*, et al, SX-07-CV-322. and the results thereof.

10. Any communication by or between Defendant and Douglas Capedeville, Tom Crossland, Crosstech VI, Inc., Crosstech Boiler Services L.P., Crosstech Boiler Services Inc, Crosstech Services, CRS VI, and/or Pedro Vega, subsequent to the incident that is the subject matter of this lawsuit or the underlying lawsuit in *Alexander et al, v. Crosstech*, et al, SX-07-CV-322 related to insurance coverage, claim submissions, reporting claims, defense, indemnity, tender of defense and/or procurement of insurance by Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc. for any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc., from January 1 2007, to present.

11. The content of all correspondence, letters, notes, summaries, complaints, memos, emails, claims notes, and telephone logs pertaining to the underlying accident and/or lawsuit entitled *Alexander et al, v. Crosstech*, et al, SX-07-CV-322. referred to in Plaintiff's Complaint related to the insurance coverage, claim submissions, reporting of claims, and/or procurement of insurance by Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc., or anyone on their behalf, for any of the following entities owned by Tom Crossland: Crosstech

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**AMENDED NOTICE OF DEPOSITION OF 30B6 STEADFAST INSURANCE COMPANY**
Page 4

      Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc., for the time period of from January 1, 2007, to present.

12. Knowledge of all the specific insurance policies Defendant underwrote/provided/issued from 2007 to 2008 to provide coverage to Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc.

13. Knowledge of the applicable exclusions, endorsements, and/or amendments for the aforementioned insurance policies listed in the previous answer.

14. Knowledge of all conversations, discussions, communications, that any representative, agent, attorney, or employee of Defendant had with Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc., or any of his agents, representatives, or legal counsel regarding insurance coverage, claim submissions, reporting claims, defense, indemnity, tender of defense and/or procurement of a general liability insurance policy pertaining to the incident in *Alexander et al, v. Crosstech*, et al, SX-07-CV-322 involving Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc.'s employees, on what date said conversation, discussion or communication occurred and by what method of communication it occurred (e.g. telephone, email, text, chat, fax), and what that communication entailed for the time period of April 1, 2007, to present.

15. Knowledge of what documentation was required by Defendant from Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc., prior to issuing a general liability policy on behalf of Steadfast.

16. Knowledge of any and all documents provided by Tom Crossland and/or any of the following entities owned by Tom Crossland: Crosstech Boiler Services LP, Crosstech Boiler Services, Inc., CRS VI, Inc., or Crosstech VI, Inc., relating to any applications for insurance made by them (including but not limited to the application for insurance itself), claims against policies, notices of claims, request for defense, request for indemnification, from April 1, 2007, to present.

      This deposition will take place on February 13, 2024, at 9:00AM, via Zoom.

**This deposition will be conducted via Zoom meeting and pursuant to rules cited**

Alexander, Constance, et. al. v. Steadfast Insurance Company (Steadfast), et. al.
**AMENDED NOTICE OF DEPOSITION OF 30B6 STEADFAST INSURANCE COMPANY**
Page 5

**above and the standing orders of the Court during the pendency of the COVID-19 pandemic.**

This deposition is being taken for use as evidence and/or trial purposes and will be continued from day to day until completed.

                                RESPECTFULLY SUBMITTED
                                LEE J. ROHN AND ASSOCIATES, LLC
                                Attorneys for Plaintiff

DATED:  February 8, 2024        BY:  /s/ *Jennifer S. Koockogey-Lajoie*
                                            Jennifer S. Koockogey-Lajoie, Esq.
                                            VI Bar No. R2068
                                            1108 King Street, Suite 3 (mailing)
                                            56 King Street, Third Floor (physical)
                                            Christiansted, St. Croix
                                            U.S. Virgin Islands 00820
                                            Telephone: (340) 778-8855
                                            jennifer@rohnlaw.com

## **CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on February 8, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

W. Mark Wilczynski
Law Office of W. Mark Wilczynski, P.C.
Palm Passage Suites C20-22
P.O. Box 1150
St. Thomas, VI 00804

Attorney for **Steadfast Insurance Company**

Deserie Hill
Hill's Reporting Services
P.O. Box 307501
St. Thomas, VI 00803
deshill@msn.com


BY: ____/s/ *Jennifer S. Koockogey-Lajoie*____ (al)